PACIFIC EXPRESS COMPANY v. LEONARD KROWER ET AL.

No. 2316.   Decided February 4, 1914.

**Express Company—Limitation of Liability—Interstate Commerce.**

In an interstate shipment of valuables by express a provision in the receipt, taken by the shipper with knowledge, limiting the liability of the company to $50, no higher valuation being stated, was valid under the laws of the United States governing such contracts. Act of Congress, June 29, 1906, amending Interstate Commerce Law; Adams Exp. Co. v. Croninger, 226 U. S., 491. (Pp. 218-220.)

Question certified from the Court of Civil Appeals, Second District, in an appeal from Midland County.

*Douthit & Smith (James L. Minnis, of counsel), for appellant.*—It being shown by the testimony and the findings of the court that defendant Ellis, upon instruction from plaintiff, concealed from the express company the real value of the package containing the goods involved, which was $1200, and falsely represented such value to be $25 in order to secure transportation by the express company at a less rate of freight, and by reason of such concealment and misrepresentation the express company transported said package at a lower rate of freight and with a less degree of care than if the real value of said goods had not been withheld and concealed from it, the express company can not be held liable for the loss of the goods involved. Hutch., Carr. (3rd ed.), sec. 328 et seq.; 5 Am. & Eng. Ency. of Law, 345; 6 Cyc., 380; 5 Am. & Eng. Ann. Cases, note, p. 120; 2 Kent, 603; Angell on Carriers, sec. 261; Pacific Express Co. v. Pitman, 30 Texas Civ. App., 626; Railway Co. v. Burke, 55 Texas, 323-333, and authorities cited; Express Co. v. Scott, 2 C. C. A. (Willson), sec. 74; Hart v. Railway Co., 112 U. S., 332; Perrin v. United States Exp. Co., 74 Atl., 472, 28 L. R. A. (N. S.), 644; Everett v. Express Co., 46 Ga., 303; Oppenheimer v. Express Co.,

69 Ill., 62; Michalitschke v. Express Co., 50 Pac., 847; Railway Co. v. Johnson, 121 Ga., 231; Railway Co. v. Shea, 66 Ill., 471; Express Co. v. Fox (Ky.), 115 S. W., 184; Graves v. Railway Co. (Mass.), 50 Am. Rep., 282; Harrington v. Railway Co., 23 L. R. A. (N. S.), 745; Shaacht v. Railway Co. (Tenn.), 30 S. W., 742; Rosenfield v. Railway Co. (Ind.), 2 N. E., 344; Railway Co. v. Moore, 80 Ga., 522; Bottum v. Railway Co. (S. C.), 51 S. E., 985; Express Co. v. Wood (Ga.), 25 S. E., 463; Railway Co. v. Thompson, 19 Ill., 578; Magnin v. Dinsmore, 56 N. Y., 163, 62 N. Y., 35, 70 N. Y., 410.

Since the certified question has reached the files of this court, the Supreme Court of the United States has decided the exact question involved in this cause and has decided it in accordance with appellant's contention and in accordance with the decision in Railway Co. v. Burke, decided by this court in 55 Texas, 323, and the other authorities cited in appellant's brief. We refer to the cases of Adams Express Co. v. Croninger, 226 U. S., 491; Wells, Fargo & Co. v. Neiman-Marcus Co., 227 U. S., 469.

*Graham B. Smedley,* for appellee Krower.—A carrier which has negligently lost goods can not defend on the ground of fraudulent representations of the shipper, unless the carrier was deceived by said misrepresentations. Southern Express Co. v. Fox and Logan (Ky.), 115 S. W., 184; Wells-Fargo & Co. v. Neiman-Marcus Co., 125 S. W., 614.

Fraudulent representations by a shipper as to the value of the goods shipped do not relieve the carrier of the duty to use ordinary care in the transportation of the goods; and if the carrier is negligent in the transportation of the goods, and they are lost, it is liable for their value, unless it appears that the false representations were the cause of the loss. Head v. Pacific Exp. Co., 126 S. W., 682; Pacific Exp. Co. v. Pitman, 30 Texas Civ. App., 626; St. Louis S. W. Ry. Co. v. Ray, 127 S. W., 281.

The negligence of appellant, and not the representations of Mrs. N. H. Ellis, was the proximate cause of the loss of the rings. Gardner v. Watson, 76 Texas, 25; Malone v. Fisher, 71 S. W., 996; Drake v. Davidson, 28 Texas Civ. App., 124; Hughes v. Landrum, 40 Texas Civ. App., 196.

A carrier can not by contract relieve itself from liability for negligence. S. A. & A. P. Ry. Co. v. Dolan, 85 S. W., 302; Pitman v. Pacific Exp. Co., 24 Texas Civ. App., 595; Railway Co. v. Efron, 38 S. W., 639.

When property is delivered to a carrier and lost while in its possession, a presumption of negligence arises sufficient to entitle the owner to a judgment for the value of the property, unless this presumption is rebutted by the carrier. Head v. Pacific Exp. Co., 126 S. W., 682; Ryan v. Railway Co., 65 Texas, 13; Railway Co. v. Efron, 38 S. W., 639; Railway Co. v. Payne, 15 Texas Civ. App., 58.

*Caldwell & Whitaker,* for appellee Ellis.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The Court of Civil Appeals of the Second Supreme Judicial District has certified to this court the following statement and questions:

"There is now pending before us on appeal from the County Court of Midland County the case of Pacific Express Company v. Leonard Krower and N. H. Ellis, in which it appears that Leonard Krower instituted suit in said court against N. H. Ellis to recover four hundred and nine dollars alleged to be the market value of two diamond rings which the said Krower alleged that the said Ellis had lost or converted to his own use. Ellis answered, making the Pacific Express Company a party defendant, alleging that if the rings were lost or converted that such loss or conversion occurred while in the possession of the express company by reason of its negligence, and prayed for judgment over against said company in event of a recovery against him. The express company in turn pleaded over against the defendant Ellis, praying that in event judgment should be recovered against it that it recover against Ellis for the amount of the judgment. The trial resulted in a judgment in favor of the plaintiff Krower against the Pacific Express Company for four hundred and sixty-three dollars and eighty cents, the amount sued for, including interest from the date of judgment. Judgment was also rendered in favor of the defendant Ellis as against the other parties, and the express company alone has appealed.

"The judgment rests upon the following findings of fact by the trial court, viz:

" 'That on or about January 5, 1909, defendant, N. H. Ellis, who was engaged in the drug and jewelry business, had in his possession in Midland, Texas, jewelry, the property of the plaintiff, Leonard Krower, of the value of $1200, among which jewelry were the two rings sued for by plaintiff. That on said day Mrs. Eugenia Ellis, wife and the agent of said N. H. Ellis, packed said jewelry in a pasteboard box, placed with said jewelry in said box the said two diamond rings in controversy. Plaintiff wrapped the box in paper, tying it with a string and not sealing it, and delivered it at the office of the defendant, Pacific Express Company, a common carrier, to the agent of said company, one Rector, for transmission to plaintiff at New Orleans, La. That said Mrs. Ellis took to said express office at said time a receipt book in which was a form of receipt commonly used by said express company for the purpose of receipting for goods to be shipped, which said form had been prepared by the said Mrs. Ellis. Said form was presented to the agent of the express company with the request that it be executed by the agent. That said agent signed said receipt for said goods.

" 'Among other things, said receipt form contained a provision limiting the liability of the express company in the event of loss of or damage to said jewelry to the extent of $50 unless a higher value was placed on said goods by the shipper, and I further find that the said Mrs. Ellis was familiar with the custom of the express company in regard to charges for transporting such property as the goods in question, and I

further find that the said Mrs. Ellis failed and refused to state in said receipt that ·said goods were of a higher valuation than $50.

" 'I further find that it was a rule and custom of said express company to charge a higher rate for transporting goods valued in the receipt at more than $50 than it did for transporting the same amount of goods (in bulk or weight) valued in the receipt at less than $50 or at no valuation at all; and I further find that it was a rule of said express company to transport ,said goods valued in the receipt at more than $50 with greater care than goods valued in the receipt at less than $50, or at no valuation at all.  I further find that if the said Mrs. Ellis had valued said goods in said receipt at their true value or at any value in excess of $50 the defendant, the express company, would have transported said goods with a greater degree of care than it would in transporting goods of less value than $50.  And I further find that all of these facts were well known to the said Mrs. Ellis at the time of the shipment of said goods, as well as her husband, N. H. Ellis.  I find that the defendant, the express company, received the sum of 30 cents as express charges on said goods, and if said express company had known that said goods had a valuation of more than $50 a higher transportation charge would have been required by said company.

" 'I further find that said goods were not valued at more than $50 by the said Mrs. Ellis by reason of the fact that she had been instructed by the plaintiff herein to ship said goods at a valuation of less than $50 in order to save express charges, and because plaintiff carried insurance to protect him against loss on such goods in transit by express companies.

" 'I find that the two diamond rings in question in this suit were of the aggregate value of $409 at New Orleans, La.  I find that said two diamond rings were in the package when delivered to the Pacific Express Company on January 5, 1909, for transmission, and were not in the package when delivered by the express company to plaintiff at New Orleans, La.'

"Appellee Krower insists that the foregoing facts support the judgment and presses upon us the case of Head v. Pacific Express Co., 126 S. W., 682, by the Court of Civil Appeals for the Sixth District, and this case seems to support the contention.   We, however, upon the authority of Houston & T. C. Ry. Co. v. Burke, 55 Texas, 323, 40 Am. Rep., 808; Southern Pac. Ry. Co. v. Maddox & Co., 75 Texas, 307, 12 S. W., 815; Pacific Exp. Co. v. Pitman, 30 Texas Civ. App., 626, 71 S. W., 312; 6 Cyc., 380; Express Co. v. Scott (Willson), 2 C. C. A. Cases, sec. 74, and other authorities cited in appellant's brief, strongly incline to the opposite view, and in order to avoid a conflict of decisions· as far as we may deem it advisable to certify to your honors for determination the question whether the judgment in this case in favor of Leonard Krower against the appellant, the Pacific Express Company, is supported by the facts so found by the trial court?"

The shipment upon which this action was based being interstate the

contract must be construed by the provisions of the law of Congress known as the Carmack Amendment, which contains this provision:

Fourth. It affirmatively declares that "no contract, receipt, rule or regulation shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed." That provision was construed in Adams Express Co. v. Croninger, 226 U. S., 491, 57 L. Ed., 314, 44 L. R. A. (N. S.), 257.

In that case a similar contract to this was under consideration, and the Supreme Court of the United States held that the limitation upon the liability of the express company was valid, not being in violation of any provision of the Act of Congress.

We answer that the limitation in the contract was valid under the law of Congress, but the validity of such contract under the law of this State is not involved, therefore we do not express an opinion as to the validity of such limitations under the laws of Texas.