## AMERICAN RY. EXPRESS CO. v. THOMPSON. (No. 579.)

Court of Civil Appeals of Texas. Waco. Oct. 27, 1927.

Rehearing Denied Dec. 15, 1927.

**1. Trial ⬉258(1)—Defendant's requested Instructions held sufficient to require instruction not to consider fanciful or sentimental value of goods lost in transit (Rev. St. 1925, art. 2189).**

In action against express company for loss of household goods, defendant's requested special instructions to determine their actual value to owner, as distinguished from fanciful or sentimental value he might place on them *held* sufficient to require court, under Rev. St. 1925, art. 2189, to instruct jury not to consider any fanciful or sentimental value in arriving at actual value of goods to plaintiff.

**2. Carriers ⬉135—Measure of damages for carrier's loss of secondhand clothing or household goods, in absence of market value, is "actual value."**

In absence of market value, measure of damages for loss of secondhand clothing or household goods in transit is their "actual value," which is actual money loss by deprivation thereof, not a price suggested by owner's partiality therefor, what he could sell them for, nor a fanciful or sentimental value.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Actual Value.]

**3. Carriers ⬉162—Express receipt, stating value of interstate shipment, held properly excluded in absence of pleadings raising issue of limitation of liability (Carmack Amendment [49 USCA § 20, pars. 11, 12]).**

In absence of pleadings raising issue of limitation of express company's liability, under Carmack Amendment (49 USCA § 20, pars. 11, 12; U. S. Comp. St. §§ 8604a, 8604aa), for loss of goods in interstate shipment, to valuation named in delivery sheet or uniform express receipt signed by shipper when goods were delivered to company, court did not err in excluding such document.

**4. Carriers ⬉158(1)—Interstate shipper can recover only in same ratio of lost articles to total value of goods shipped as amount of limited liability bears thereto (Carmack Amendment [49 USCA § 20, pars. 11, 12]).**

If express company be entitled to defense of limitation of liability for loss of goods in interstate shipment, under Carmack Amendment (49 USCA § 20, pars. 11, 12; U. S. Comp. St. §§ 8604a, 8604aa), to amount named in delivery sheet or uniform express receipt signed by shipper, latter would be entitled to recover only in same ratio of lost articles to total value of goods shipped as amount of limited liability bears to such value.

Appeal from Navarro County Court; Warren Hicks, Judge.

Action by L. C. Thompson against the American Railway Express Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Sharp & Gray, of Ennis, for appellant.
Callicutt & Upchurch, of Corsicana, for appellee.

BARCUS, J. [1] Appellee filed this suit against appellant to recover the actual value of certain household goods and wearing apparel which he claimed appellant lost, and for damages to other personal property which was occasioned by appellant's negligence. It appears that appellee shipped his bedding, wearing apparel, and household effects by express in five boxes and four trunks from Athens, Ala., to Powell, Tex. Appellant failed to deliver one box of the wearing apparel and household effects, and damaged some of the others. Appellee alleged in detail the damages done to the goods which were delivered and listed the contents of the box which was lost. Appellant answered by general demurrer and general denial. Appellee and his wife were the only witnesses who testified as to the actual value of the goods contained in the box which was lost. Appellee's wife testified that, among other things in the box, there were three table covers, Indian head linen, worth $45; nine embroidered bed sheets, $4 each, $36; three dresser scarfs, $25 each, $75; two mantle scarfs, $30 each, $60; twelve pillowcases, $15 each, $180; one box of pictures, $100; and several other smaller items, totaling $698.50. She testified that the sheets, pillowcases, doilies, scarfs, and counterpanes that were in the box were handworked and embroidered; that she spent many hours and much labor in making them; that it would take as much as 30 days to make one of said articles, and that she valued them very highly. The court submitted this issue to the jury:

"What was the actual value to plaintiff of the goods that were shipped by the plaintiff and which were not delivered by the defendant to plaintiff? In this connection you are instructed

that the value is the actual value of the goods to the plaintiff at Powell, Tex., at the time they should have been delivered. Answer in dollars and cents."

"To which the jury answered: $373.50."

Appellant objected to the court submitting the above issue, because "the court failed to submit the law of damages relative to a sentimental or fanciful value which the owner of said goods might place upon them," and in connection therewith requested the court to submit the following special definition:

"You are instructed that, in order to ascertain the damages for loss of household goods, you shall determine their actual value to the owner at the destination at the time they should have been delivered, and you shall distinguish from a fanciful or sentimental value which the owner may place upon the goods."

Appellant requested the court to give the following special issue:

"What was the actual value of the goods to plaintiff that were shipped by plaintiff and which were not delivered by the defendant to plaintiff at the time said delivery should have been made on December 10, 1924? In this connection you are instructed that you are to be governed by the actual value of the goods to plaintiff at Powell, Tex., and not the fanciful or sentimental value that he might place on said goods."

The court refused to give said special definition or issue, and refused to instruct the jury that they could not consider the fanciful or sentimental value of the goods in arriving at the actual value, and appellant has assigned error to the court's failure to so instruct the jury. We sustain this assignment. Without approving the wording of the special instruction or special issue, we think they were sufficient to call the trial court's attention to said question. Article 2189 of the Revised Statutes 1925 provides that:

"In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues."

[2] In view of the testimony of appellee and his wife with reference to the class and character of the goods lost, and the values placed thereon, appellant was entitled to have the court instruct the jury that it could not consider any fanciful or sentimental value in arriving at the actual value to appellee of the goods. The law seems to be well settled that the measure of damages where secondhand articles of clothing or household goods are lost, in the absence of a market value, is the actual value, and in defining same in a number of opinions the appellate courts have stated that actual value of household goods and wearing apparel is not a price suggested by the owner's partiality for them, nor yet what he could sell them for,

neither would it be a fanciful or sentimental value, but the actual loss in money he would sustain by being deprived of such articles of domestic use. I. & G. N. R. Co. v. Nicholson, 61 Tex. 550; M., K. & T. Ry. Co. v. Dement (Tex. Civ. App.) 115 S. W. 635; St. L., I. M. & S. Ry. Co. v. Green, 44 Tex. Civ. App. 13, 97 S. W. 531.

In a suit where the issue to be determined was whether a party was suffering from an injury or from apoplexy, the court held that the trial court should have defined the word "apoplexy." Robinson v. Ætna Life Ins. Co. (Tex. Com. App.) 276 S. W. 900. Again, where the issue was whether parties constituted a partnership, it was held that the court should have defined the word "partnership." Connellee v. Nees (Tex. Com. App.) 266 S. W. 502. Again, where the trial court asked the jury to determine whether a certain act was the "proximate result" of an injury, the appellate court held that the trial court should have defined the words "proximate result." Dallas Ry. Co. v. Warlick (Tex. Com. App.) 285 S. W. 302. Where a contractor sued for services performed in building a house, the court submitted the issue as to whether the contractor had substantially performed the contract, and the appellate court held that the trial court should have defined "substantial performance." McBurnett v. Smith & McCallin (Tex. Civ. App.) 286 S. W. 599. Where plaintiff sued for damages caused by a dam being built which caused his land to be overflowed by water, the appellate court held that the trial court should have defined what the word "overflowed" meant. Salado College v. Davis, 47 Tex. 131. In Lagow v. Glover, 77 Tex. 448, 14 S. W. 141, the Supreme Court held that the trial court in that case should have defined the word "acquiescence." In T. & P. Ry. Co. v. Williams, 1 White & W. Civ. Cas. Ct. App. § 249, the court held that the trial court should have defined the word "market value."

In Interstate Forwarding Co. v. McCabe (Tex. Civ. App.) 285 S. W. 920, the court held that, in the absence of a request being made therefor, the trial court did not commit error in failing to define "actual value," where plaintiff was seeking to recover for lost household and wearing apparel. In this case appellant, both by objection to the court's charge and by a specially prepared definition and requested issues, called the trial court's attention to the fact, and insisted upon the trial court instructing the jury, that, in arriving at the actual value of the goods of appellee, they could not consider any fanciful or sentimental values. Appellees testified they were tenant farmers, and that all of their earthly possessions were contained in the five boxes and four trunks shipped by them via express. They valued three table covers at $15 each, twelve pillowcases at $15 each, nine bed sheets at $4 each, five mantle

and dresser scarfs at $25 and $30 each, three doilies at $8 each, and other articles in the same proportion. In connection therewith appellee's wife testified that she valued the articles very highly. In the very nature of this case the jury was limited to the testimony of appellees themselves as to the kind, class, and character of the articles lost. No one else knew what was contained in the box, and no one else could place a value thereon with any degree of certainty. In their consideration jurors might differ as to what was meant or as to what items might be considered by them in arriving at the actual value of the goods to appellee. The courts have changed the rule for measuring damages for the loss of secondhand goods from that applied to new goods or other classes of personal property, and permit the damage to be assessed at the actual value in money, rather than the real market value; and where, as in this case, the testimony shows that the goods lost consisted of pillowcases, scarfs, table linen, and that class of articles which are valued very highly by the owner thereof, the court should have, upon request being made, instructed them not to consider any fanciful or sentimental value.

[3, 4] Appellant complains of the action of the trial court in excluding a delivery sheet or uniform express receipt for the goods in controversy which had been signed by appellant and appellee, in which appellee had agreed that the value of the entire shipment was $1,000. Appellant contends that, under the Carmack Amendment (49 USCA § 20, pars. 11, 12; U. S. Comp. St. §§ 8604a, 8604aa), this being an interstate shipment, it had the right to limit its liability, and that appellee, in shipping his household goods by express, was limited in the amount of recovery to that named in the delivery sheet or uniform express receipt which he signed and accepted at the time the goods were delivered to the express company. In support of its contention appellant cites Pacific Express Co. v. Krower, 106 Tex. 216, 163 S. W. 9; Pacific Express Co. v. Ross (Tex. Civ. App.) 154 S. W. 340; T. & N. O. Ry. Co. v. Hancock (Tex. Civ. App.) 178 S. W. 654; Adams Express Co. v. Croninger, 226 U. S. 491, 33 S. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257. Appellant answered in this cause only by a general denial. In order for appellant to have availed itself of the defense of limited liability, it was necessary for it to have filed pleadings raising said issue, and, in the absence of said pleadings, the trial court did not commit error in excluding said testimony. There is neither pleading nor proof as to the total value of the contents of the five boxes and four trunks, or that the total value thereof exceeded $1,000. If on another trial the pleadings and proof raise the issue of limited liability,

the court should submit same under proper instructions to the jury. If appellant, under the facts, should be entitled to said defense, appellee, under the above authorities, would only be entitled to recover for the articles lost in the same ratio that the lost articles bear to the total value of the goods shipped as the amount of the limited liability bears to the total value of the shipment.

For the error indicated, the judgment of the trial court is reversed, and the cause remanded.