HOUSTON & TEXAS C. R. R. Co. v. JAS. H. MULDROW.

(Case No. 1295.)

1. DAMAGES—RAILWAY COMPANY.—A railway company is not liable under the statute for interest on the value of stock or cattle killed by their locomotives or cars. The value of the stock killed or injured at the time of the killing is the measure of damages under the statute. R. S., art. 4245.

APPEAL from Grimes. Tried below before the Hon. W. D. Wood.

*George Goldthwaite*, for appellant.

*Boone & Cobbs*, for appellee.

BONNER, ASSOCIATE JUSTICE.— This suit was instituted by appellee, Muldrow, as plaintiff below, against the Houston & Texas Central Railway Co., to recover the value of a certain jack which belonged to the plaintiff, and was alleged to have been killed by the locomotive and cars of the defendant.

That it was killed as alleged was admitted.

The jury under the charge of the court returned a verdict for plaintiff for $1,000, as the value of the property, and legal interest thereon from the date when killed to date of verdict, aggregating $1,046.66, for which judgment was rendered.

The only question presented for our consideration is

this: Was the plaintiff entitled to interest as allowed, or should the verdict and judgment have been only for the value of the animal when killed?

Under our statute, interest, as such, is allowed before judgment only in cases of contract, express or implied. R. S., arts. 2972–2981.

Our statute on the subject of railroads provides that "each and every railroad company shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company in running over their respective railways, which may be recovered by suit before any court having competent jurisdiction of the amount. If the railroad company fence in their road, they shall only then be liable in cases of injury resulting from the want of ordinary care." R. S., art. 4245; Pasch. Dig., art. 4921.

This statute in express terms makes the value of "the stock killed or injured" the measure of damages allowed the owner, and to this the verdict and judgment should have been restricted.

The decision in this case is based upon the construction given to the particular phraseology of the statute, and is not intended to conflict with those decisions, by which, in some cases, interest in the discretion of the jury is allowed in the nature of damages, or those in which it is ordinarily allowed in actions of *tort*, as trespass for the taking and conversion of goods. 2 Sedg. on Damages (7th ed.), 90.

If the interest is remitted the judgment will be reversed and reformed at cost of the appellee in and about this appeal expended, otherwise it will be reversed and remanded. Cloud *v.* Adriance, 1 Tex., 106.

[The interest was remitted.— Reporter.]

REVERSED AND REFORMED.

[Opinion delivered January 28, 1881.]