G. H. & S. A. R. R. Co. v. HENRY DAVIS.

(No. 1626, Op. Book No. 3, p. 501.)

APPEAL from Guadalupe County.   Opinion by WHITE, P. J.

§ 147. *Damages for killing animal; market value the measure; rule where there is no market.* The general rule is that the true test of the value of a thing is what it will bring in market. [R. R. Co. v. Buckley, 1 vol. T. L. J. p. 283.] But to constitute market value it must appear that similar things have been bought and sold in the way of trade in sufficient quantity or frequency to establish a market value for such things. Where there is no market value for the thing, its value must then be ascertained by the circumstances of the case — the intrinsic value of the

thing, the cost of it, its uses, the prices asked and offered for it, and indeed any facts which would naturally affect the minds of parties buying or selling in determining the price to be asked or given. Thus in this case, which was a suit against a railroad company to recover damages for killing of a stallion by the company's train, it being shown that there was no market for such an animal, it was held that, to ascertain the value of the stallion, it was proper to prove his character, qualities, the uses to which he could be put, the value of his services, and the prices which had been offered for him, and for which he could be sold, etc. But the testimony of witnesses as to what value they would put upon him, if he belonged to them, not knowing his market value, was not a proper basis upon which to estimate his value. The test is not what the owner or another individual might take or give for him, but what he was intrinsically worth. [Abbott's Trial Ev. 307.]

§ 148. *Exemplary damages; railroad company not subject to, for malicious acts of its servants, unless, etc.* Although the killing of an animal be the wanton, wicked and malicious act of the engineer or other employee of a railroad company, the company will not be liable for exemplary damages unless it authorized or approved the act. [Hays v. R. R. Co. 46 Tex. 281.]

§ 149. *Railroad company; liability for stock killed, etc.* Our statute [Pas. Dig. art. 4926; R. S. art. 4245] defines the liability of railroad companies in respect to stock killed by their cars or locomotives. It makes the company liable to the owner for the value of all stock killed or injured, and this without regard to the degree of care or negligence which may have attended it, absolutely and at all events, where the company has not fenced in its road. [R. R. Co. v. Muldrow, 54 Tex. 233.]

February 5, 1881.  Reversed and remanded.