Opinion by
Willson, J.
§ 191. Carrier; contract with, made in another state. A contract made with a railroad company in another state for the transportation of property into this state, if valid by the laws of the state where made, will be held valid here.
§ 192. Same; limitation of liability of, by contract. By statute of this state, it is provided that common carriers within this state shall not limit or restrict their liability as it exists at common law in any manner whatever, and no special agreement, made in contravention of this provision, is valid. [R. S. art. 278.] This provision applies to carriers who are carrying on business as such in this state, and was never intended to apply to or affect interstate carriage or traffic. [W. & W. Con. Rep. §§ 335, 1260.]
§ 193. Same. In the absence*of any statute prohibiting it, carriers may limit and restrict, by express contract, their common law liability, to a reasonable extent, *157 but they cannot exempt themselves from loss or damage caused by their own negligence. [W. & W. Con. Rep. § 334.] It is not permissible for a carrier to stipulate for immunity against his own negligence, no matter what the degree of such negligence may be. Such a stipulation is against public policy, and is void, no matter where made. [W. & W. Con. Rep. §§ 774, 1257.] In this case, a condition in the contract for the transportation of sheep, which exempted the carrier from all damage which shall not have been caused- by its fraud or gross negligence, was held to be void, because against public policy.
§ 194. Same; limitations held valid. In a contract for the shipment of sheep, made in Arkansas, the sheep to be transported from that state to this, the following conditions were held to be valid: 1. The carrier is released from all injury, loss and damage, or depreciation, which the animals, or either of them, may suffer in consequence of either of them being weak, or escaping, or injuring themselves or each other, or in consequence of overloading, heat, suffocation, fright, viciousness, or of being injured by fire, or the burning of any material, while in the possession of the carrier. 2. The business of the carrier shall not be delayed by the detention of trains to unload and reload the sheep for any cause whatever. 3. Should damage occur for which the carrier may be liable, the value of the sheep at the date and place of shipment shall govern the settlement. The contract having been entered into in another state, the foregoing conditions, if valid in that state, are valid here, our statute not being applicable thereto, and the restrictions not being unreasonable.
§ 195. Same; forfeiture of right to claim benefit of restrictions in contract. Where a carrier refuses to perform his part of the contract, he has no right to claim the advantage of the restrictions and limitations in his favor, under such contract. In such case he has forfeited such right, and becomes liable to the full extent of the law, the same as if there had been no special contract. *158 In this case, the plaintiff shipped a lot of sheep from Arkansas to Texas, over connecting lines of railroad, defendant’s line being one of said connecting lines, Tire contract of shipment, made in Arkansas, contained limitations in favor of the carrier, restricting the common law liability of carriers. It also stipulated that the owner of the sheep might be transported on the same train which conveyed the sheep free of charge, and also, that said owner had the privilege of having the car’s containing his sheep side-tracked. The evidence showed that defendant refused to transport the plaintiff free of charge, but made him pay fare as a passenger, and also refused to side-track the cars containing the sheep, when requested so to do by the plaintiff. Held, that under this state of facts the defendant could not claim the advantages stipulated for it, in the contract, but was liable as a common carrier, without regard to the contract.
May 7, 1884.
§ 198. Damages; measure of, for loss of property by carrier. Where property is lost or destroyed, while in charge of a common carrier, the measure of damage is the market value of such property at the place of destination. Interest, in such case, is not ordinarily recoverable as a part of the damages. [Fowler v. Davenport, 21 Tex. 627; R. R. Co. v. Muldrow, 54 Tex. 233; W. & W. Con. Rep. § 1254.] Interest was awarded in this case by the judgment, but a remitter thereof being filed, the judgment was reversed, and judgment was rendered by this court excluding the interest.
Beversed and rendered.