St. Louis Southwestern Railway Company v. H. A. Chambliss.

No. 819. Decided November 2, 1899.

**Railway—Killing Stock—Damages—Interest—Statute.**

The damage recoverable for stock killed by a railway, under Revised Statutes, article 4528, is its value, and does not include interest thereon from date of destruction. Railway v. Muldrow, 54 Texas, 233, followed. Railway v. Cocke, 64 Texas, 151, explained. (P. 62.)

Questions certified by the Court of Civil Appeals for the Fifth District, in an appeal from Navarro County.

*Frost, Neblett & Blanding* and *S. H. West,* for appellant.—In suits against railroad companies for damages to stock killed or injured, the measure of damages is the value of the stock killed or injured without interest. Rev. Stats. 1895, art. 4528; Railway v. Muldrow, 54 Texas, 233; Baker v. Smelser, 88 Texas, 29; Railway v. Cunningham, 4 Texas Civ. App., 262; Railway v. Lanham, 1 Willson C. C., sec. 252; Railway v. Dromgoole, 24 S. W. Rep., 372.

WILLIAMS, Associate Justice.—The Court of Civil Appeals for the Fifth District has certified for decision two questions, which are in substance, (1) whether or not the right of recovery by the owner of stock killed or so injured as to totally destroy its value, as defined by article 4528, Revised Statutes of 1895, includes the right to interest on the value of such stock from the date of its destruction to the date of trial; and, if so, (2) is the trial court authorized to peremptorily instruct the jury to allow such interest.

1. This provision of the statute was adopted in 1860 (Paschal's Digest, 4926), was carried into the revision of 1879, and again into that of 1895. In 1881, in the case of Houston & Texas Central Railroad Company v. Muldrow, 54 Texas, 233, it received construction by this court upon the point now raised, and it was held that the measure of damages prescribed by the language of the statute was the value of the stock killed or injured, and that this excluded interest upon such value. The Court of Appeals, as formerly existing, whose jurisdiction included most of the appeals in cases arising under this law, seems to have enforced the rule thus established. Railway v. Lanham, 1 Willson, 252; Railway v. Carter, 18 S. W. Rep., 196. While some difference of opinion has arisen among the courts of civil appeals upon the question, the construction given in Railway v. Muldrow has not been overruled or questioned

by any court of last resort, nor has the Legislature, since that construction was announced, made any change in the law. While we would have considerable difficulty, if the question were now presented for the first time, in adopting the view expressed in the Muldrow case, yet, in view of the facts just stated, we do not feel that we would be warranted in overruling that decision, based, as it is, upon language in a statute as to the effect of which minds may well differ.

No good reason is perceived why the owner of stock thus destroyed should not have the same right that owners of property destroyed or taken by the wrongful act of another generally have, under the decisions of this court, to recover not only its value but damages commensurate with interest for the detention of the money. But as the statute as heretofore construed fixes a different rule, we think that the remedy should come from the Legislature.

The question was not involved in Railway v. Cocke, 64 Texas, 151, and that decision does not conflict, so far as the report shows, with the decision in Railway v. Muldrow.

We therefore answer that interest in the case stated is not recoverable. It follows that the trial court could not properly instruct the jury to allow interest.