### ON MOTION FOR REHEARING.

It is urged that we erred in reversing the judgment in this case on the ground that the verdict is for a smaller sum than that warranted by the evidence. In support of this contention, it is assumed that we hold that the jury was bound by the mere opinion of the witnesses as to the amount of damages. We announced no such proposition in the opinion, and it is not involved in the decision. We held that each and all the witnesses who testified in relation to the matter of damages showed that the damages were greater than the sum awarded. These witnesses were not merely opinion witnesses. They did not simply give their opinions as to what amount the property was damaged. They detailed the character of the property, the uses to which it was put and for which it was valuable, the character and extent of the injuries, the value of the property without such injuries, and its value after the infliction of the injuries. The lowest sum which the jury could have fairly determined upon from the evidence of any of the witnesses as to the damage suffered was greater than the amount of the verdict. The plaintiff is entitled to be fully compensated for the damages wrongfully inflicted upon his property, and the failure of the jury to give him adequate compensation should have secured him a new trial in the court below. Shropshire v. Doxey, 25 Texas, 128. This was stated in the opinion as the ground of reversal, and we will not examine the other points considered in the opinion to determine whether they should be treated as reversible error. The other points were considered and treated because it was deemed proper for the guidance of the court on another trial. Appellees failed to brief the case, and made no appearance in this court until the filing of the motion for rehearing. In connection with this motion they ask for a writ of certiorari to perfect the record. The motion for rehearing is overruled, because we see no error in our decision. The application for certiorari is refused because it comes too late, and for the further reason that to grant it would not change the result of our decision.

*Overruled.*

---

### ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. R. B. TERRY.

#### Decided November 4, 1899.

**1. Continuance—Witness to Prove Market Value.**

Where an application for first continuance shows due diligence and the materiality of the testimony of the witness, which was to prove the market value of an animal, it was error to overrule it on the ground that the witness had been produced at a former trial and had failed to qualify himself to testify as to such market value.

**2. Evidence—Killing of Animal by Train.**

Where, in an action for the value of a jack charged to have been killed by a railway engine, the defendant claimed it was put on the railroad track, because its head

was cut off between the eyes and ears, it was error to permit a witness for plaintiff to testify that he had once seen a horse on one side of a railroad and its head on the other, but did not know what killed it.

**3.  Interest on Value of Animal Killed.**

In an action for the value of an animal killed by a railway engine, plaintiff is not entitled to interest on such value from the date of the killing.  Railway v. Dunman, 6 Texas Civil Appeals, 101, disapproved.

APPEAL from Henderson.  Tried below before Hon. W. H. GILL.

*Frost, Neblett & Blanding* and *S. H. West,* for appellant.

*Faulk & Faulk,* for appellee.

FINLEY, CHIEF JUSTICE.—This suit was instituted by Terry against the railway company to recover $500 for the killing of a jack.  The trial resulted in a verdict and judgment for $250.  The railway company has appealed.

1.  The railway company applied for a continuance, its application was overruled by the court, and this action is assigned as error.  The application for a continuance was based upon the absence of witness Bishop.  The application set out the testimony which would be given by the witness, stated that it was material, and its materiality fully appeared.  It set forth that due diligence had been used to procure the testimony, stating the acts of diligence, from which it was apparent that due diligence had been used.  The terms of the statute, Acts 1897, p. 117 (1 Sayles' Civil Statutes, article 1278), were in all respects complied with, and the application was the first application for a continuance. The testimony expected to be given by the witness, as set out in the application, was to the effect that the witness knew the market value of the animal killed at the time it was killed, and that it did not exceed $150. The court, in explanation of its action in overruling the application, states that the witness was produced at a former trial, and failed to qualify himself to testify as to the market value of the animal.  In our judgment this was not a sufficient ground for overruling the statutory application.  The witness may have failed to properly qualify himself upon the former trial, but if he knew the market value of the animal at the time it was killed, as was stated in the application, no reason appears why he could not have testified to it.  It is not stated that he is incompetent, but merely that he failed to properly qualify himself to testify as to the value of the animal.  The value of the animal was an important issue in the case, and the defendant was entitled to the testimony of the witness.  The refusal of the continuance was error for which the judgment must be reversed.

2.  Appellant contended that the animal involved was put on the track of appellant's railroad, because its head was cut off between the eyes and ears, and no bruises on the body, and no impression on the ground

showing that he had been dragged or struck. Over objection appellee was permitted to prove by the witness Coker that a few years since in Henderson County, where the wagon road crosses the railroad, he saw a horse on one side of the railroad and its head on the other. He did not see the animal struck, and don't know how it was killed, nor that the railroad killed it. Appellant saved a bill of exceptions to the introduction of this evidence. This evidence was not pertinent nor material, and should have been excluded.

3. It is insisted that the plaintiff was not entitled to recover the value of the animal, with 6 per cent interest from the date of the killing. As the proper measure of damage, the court authorized by its charge a recovery to the extent of the value of the animal at the time it was killed, with 6 per cent thereon from that date. This was held error in Railway v. Muldrow, 54 Texas, 233. This holding has been disapproved in Railway v. Dunman, 6 Texas Civil Appeals, 101; Railway v. Jones, 40 Southwestern Reporter, 745, and perhaps other cases. In accordance with the terms of a statute passed by the last Legislature we certified to the Supreme Court, in Railway v. Chambless, the very question here involved, so as to settle the conflict of decisions. In answer to our certified questions the Supreme Court has adhered to the holding in the Muldrow case. This contention of appellant is therefore well taken.

For the errors pointed out, the judgment is reversed and cause remanded.

*Reversed and remanded.*

---

BETTIE WATKINS ET AL. V. M. SANSOM ET AL.

Decided November 4, 1899.

**1. Administrator—Protection as to Payment Made—Approval and Discharge.**

Where, during the pendency of an administration on a decedent's estate in the probate court, a judgment was rendered in the District Court in a partition suit to which the temporary administrator was not a party, directing that a certain sum of the moneys of such estate be paid by him to H. and his two minor children, and thereafter he paid such sum to H. for the children, and upon his report thereof to the probate court it entered an order of approval and of his final discharge, as such administrator, such order was a full defense to an action by the children to recover such money from him, since the District Court had no jurisdiction of the estate while such adminstration was pending, nor of the administrator who was not a party to the partition suit therein.

**2. Same—Joinder—Trust—Conversion—Parties.**

One who wrongfully receives money from a trustee, such as an administrator, and converts it to his own use, may be made a codefendant with the administrator in an action to enforce the trust, and although the latter may be protected by an order of court, the codefendant may, if the facts justify it, be held liable.

APPEAL from Johnson. Tried below before Hon. W. C. WEAR, Special Judge.