St. Louis Southwestern Railway Company of Texas v. Jeff Earl.

Decided May 5, 1906.

**1.—County Court—Amount—Jurisdiction.**

Plaintiff sued for the value of jennets killed by the engine and cars of defendant. The value was alleged to be $1,000. The suit was for this amount with interest from date of loss. Held, the County Court had jurisdiction.

**2.—Same.**

If the suit had been one for damages caused by negligence proximately resulting in the injury complained of, where interest could be properly allowed as damages merely, the County Court would not have had jurisdiction. But having been brought under art. 4528, Rev. Stats., the recovery would be limited to the value of the stock killed, without interest until after judgment, and the prayer for interest should be treated as surplusage.

Error from the County Court of Tarrant County. Tried below before Hon. R. T. Milam.

*Spoonts & Thompson* and *Marshall Spoonts,* for plaintiff in error.— The jurisdiction of the County Court is limited to $1,000 exclusive of interest and costs, and in suits for unliquidated damages where plaintiff prays for interest, the interest is only recoverable as part of the damages and goes to the amount in controversy. Therefore, where the prayer in a suit for unliquidated damages is for $1,000 and interest from date of injury, the amount in controversy is beyond the jurisdiction of the County Court, and the court is powerless to take jurisdiction of the cause or to render any judgment therein. Ft. Worth & D. C. v. Everett, decided by this court January 28, 1905 (not reported) ; Baker v. Smelzer, 88 Texas, 26; Schulz v. Tessman, 92 Texas, 490; Heidenheimer v. Ellis, 67 Texas, 426; San Antonio & A. P. Ry. v. Barnett, 66 S. W. Rep., 476.

*C. C. Cummings,* for defendant in error.

CONNER, CHIEF JUSTICE.—Plaintiff in error presents the single question of whether the court below had jurisdiction to try the case and render the adverse judgment from which this writ of error has been sued out. We think the question must be resolved in favor of the defendant in error. In the amended petition upon which the case was tried it was alleged that certain jennets owned by defendant in error were killed by the engine and cars of plaintiff in error on an unenclosed part of its right of way. The value of the jennets killed, as alleged, aggregated the sum of one thousand dollars, for the recovery of which, together with interest thereon at the rate of 6 percent per annum from the date of loss, defendant in error prayed. The loss was alleged to have occurred on the 15th day of October, 1903, and the suit was filed on the 29th day of February, 1904. Had the suit been one for damages because of negligence proximately resulting in the injuries complained of and where interest could be properly allowed as damages merely, it seems clear under the decisions that the court in that event would have been without jurisdiction. See Baker v. Smelzer, 88 Texas, 26; Schulz

v. Tessman, 92 Texas, 490, and Ft. Worth & D. C. Ry. Co. v. Everett, decided in an unpublished opinion by this court January 28, 1905.

It is to be observed, however, that the cause of action as made by the amended petition arose under article 4528 of our Revised Statutes, which renders every railroad company liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company in running over their respective railways, irrespective of the question of negligence. See Galveston, H. & S. A. Ry. Co. v. Downey, 28 S. W. Rep., 109. And in such cases the recovery is limited to the value of the stock killed, interest not being recoverable until after judgment. See St. Louis S. W. Ry. Co. v. Chambliss, 53 S. W. Rep., 343; Railway Co. v. Greathouse, 82 Texas, 105. The prayer of defendant in error for interest, therefore, should be disregarded and treated as surplusage. See Smith v. Wilson, 91 Texas, 504; Conner v. Sewell, 90 Texas, 275. It follows that the limit of defendant's right of recovery, as tested by his petition, was the sum of one thousand dollars, and of this amount it is conceded the court had jurisdiction and we conclude, hence, that the judgment below must be affirmed.

*Affirmed.*