## ST. LOUIS SOUTHWESTERN RY. CO. et al. v. BUICE. (No. 6679.)

(Court of Civil Appeals of Texas. Austin. March 28, 1923. Rehearing Denied May 2, 1923.)

Damages ⬥☞69—Interest included in recovery for stock killed within switch limits.

Rev. St. art. 6603, making a railroad company liable for the value of stock killed when its road is not fenced, under which the company is not liable for interest, does not apply to stock killed within the switch limits at a place where the company could not fence its road without danger to its employés and inconvenience to the public, and in such case the damages recoverable include interest on the value of the animal from the time of the killing to the time of the trial.

Appeal from McLennan County Court; Giles P. Lester, Judge.

Action by H. W. Buice against the St. Louis Southwestern Railway Company and another. Judgment for plaintiff, and defendants appeal. On plaintiff's motion to dismiss appeal. Motion overruled.

J. F. Sheehy, S. P. Ross, and Sanford & Harris, all of Waco, for appellants.
Jake Tirey, of Waco, for appellee.

JENKINS, J. Appellee brought this suit in the justice court to recover the sum of $75 as damages for killing his cow, and $20 attorney's fees. The pleading was oral. From a judgment in favor of appellee, the case was appealed to the county court, where the pleadings were again oral, but noted on the docket that the suit was for $95 damages and interest. The judgment was in favor of appellee for $50.

Appellee moved to dismiss this appeal, for the alleged reason that the amount in controversy in the county court was less than $100; and therefore this court is without jurisdiction.

If appellee was entitled to recover interest on the amount sued for, $95, the amount in controversy exceeded $100 at the time of the trial in the county court. Revised Statutes, art. 6603, formerly 4528, reads as follows:

"Each and every railroad company shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company in running over their respective railways, which may be recovered by suit before any court having competent jurisdiction of the amount. Such liability shall also exist in counties and subdivisions of counties which adopt the stock law prohibiting the running at large of horses, mules, jacks, jennets and cattle; provided, however, that in all cases, if the railroad company fence its road, it shall only be liable for injury resulting from a want of ordinary care."

In Railway v. Muldrow, 54 Tex. 233, it was held that the measure of damages, where stock was killed by a railroad, was fixed by this statute at the value of the property at the time of the trial, and that no interest could be recovered. This was affirmed in Railway v. Chambliss, 93 Tex. 62, 53 S. W. 343, and has since been followed in other cases.

[1] In Railway v. Chambliss, supra, Judge Williams, in speaking for the court, stated that the doctrine there announced was not in conflict with the doctrine announced in Railway v. Cocke, 64 Tex. 151. In that case it was held that, where a railroad's right of way was not fenced by reason of the fact that it was in such a place as was forbidden by law to be fenced, or it would be dangerous to employés, or of great inconvenience to the public to have the same fenced, article 6603 did not apply. Numerous cases from other states were cited, as were also Railway v. Leuders, 1 White & W. Civ. Cas. Ct. App. § 314, and Railway v. Smith, 1 White & W. Civ. Cas. Ct. App. § 844. This seems to be the settled rule in Texas.

[2] The animal was alleged to have been killed at the South Bosque station, within the switch limits. The defendant in the case alleged that the road could not have been fenced at the place where the cow was killed without danger to the employés and great inconvenience to the public. If this is true, then the appellee was entitled under his pleadings to recover the value of the cow, alleged to be $75, with 6 per cent. interest thereon up to the time of the trial, not as interest eo nomine, but as damages for delay in paying for the injury. Railway v. Fromme, 98 Tex. 459, 84 S. W. 1054.

Appellee cites in support of his contention the case of Railway Co. v. Feldman, 170 S. W. 133, decided by this court. That case was correctly decided upon the facts, as we have ascertained by an examination of the record therein. That was a suit for damages for killing an animal at a public crossing; the plaintiff alleging that the operatives of the train were negligent in not ringing the bell and sounding the whistle, as required by statute. The killing having occurred at a place where the company was not permitted to fence its track, article 6603 had no application, and the plaintiff asked for interest on the value of the animal killed, which was alleged to be $200. These facts gave this court appellate jurisdiction. The appellant in that case contended that the court did not have jurisdiction under the general proposition that interest eo nomine was not recoverable in tort, and cited authorities in support of this proposition. Appellee did not cite the case of Railway v. Muldrow, nor the case of Railway v. Chambliss, nor any of that line of decisions; but

---

⬥☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the court, looking into the record, saw that it came within the decision of Railway v. Cocke, and properly held that interest by way of damages was recoverable. For the reason, we presume, that no reference was made to these authorities in the briefs of the parties, the court failed to cite them, or to state the facts upon which the decision was based. We have ascertained the facts as herein stated from an examination of the original record in Railway v. Feldman.

In the reply to the motion for rehearing in the above case, appellee cited the case of Railway v. Cocke, supra, which showed that the correct decision had been rendered by the court; and hence the motion for rehearing was overruled.

This case has not been submitted, and, of course, we are not undertaking to pass upon the facts of the case, but the pleadings raise the issue that the animal was killed within the switch limits; and therefore the amount in controversy included interest on the value of such animal from the time of the killing to the time of trial.

For the reasons stated, the motion to dismiss is overruled.

Overruled.