## TEXAS & N. O. R. CO. v. NOLEN.
### No. 12249.

Court of Civil Appeals of Texas. Dallas.

July 17, 1937.

Baker, Botts, Andrews & Wharton, of Houston, and Landman & Landman, of Athens, for appellant.

Morgan & Morgan, of Greenville, for appellee.

JONES, Chief Justice.

This suit was originally filed in the justice court by appellee, H. S. Nolen, against appellant, Texas & New Orleans Railroad Company, to recover damages for the negligent killing of ten turkeys by one of appellant's freight trains, which court rendered judgment in favor of appellee. Appellant perfected an appeal to the county court of Hunt county and the trial there resulted in a judgment in favor of appellee for the sum of $18. Appellant has duly perfected an appeal to this court.

■ Jurisdiction of the county court and of this court rests on a cross-action for the sum of $105, filed by appellant against appellee; the cross-action being for purported expenses in defending, what appellant alleges to be, an illegal and unwarranted plea for damages filed by appellee. Appellee filed no pleading in either the justice or county court that such cross-action was fraudulently filed for the purpose of giving this court jurisdiction; because of the absence of such plea and any evidence thereon, this court cannot pass upon the question of jurisdiction on this appeal. Hoffman v. Cleburne B. & L. Ass'n et al., 85 Tex. 409, 22 S.W. 154.

Appellant recovered nothing by its cross-action.

The undisputed evidence shows that the turkeys were permitted to run at large and had strayed upon appellant's railroad track near appellee's home in the country, and that, without blowing the whistle, ringing the bell, or taking any precaution whatever, the train in question ran at a fast rate of speed and killed appellee's turkeys, two of them being grown hens and the others being young turkeys about four months old. The turkeys were being raised for the Thanksgiving market at Greenville.

Two questions are raised on this appeal: (1) That the court erred in not giving appellant's requested peremptory instruction on the ground that appellee was guilty of negligence, as a matter of law, in allowing his turkeys to stray upon appellant's railroad track; and (2) that the court erred in taking the future Thanksgiving market, for the value of the loss of the turkeys, as a basis for appellee's damages, instead of the market value of the turkeys on August 13, 1934, the date on which the turkeys were killed. These two questions will be discussed in the order named.

■ Was appellee guilty of negligence as a matter of law? Appellee lived two or three miles out from Greenville on appellant's railroad, and the jury found on the undisputed evidence that appellant's engineer, in charge of the train in question, was guilty of negligence in failing either to sound the whistle or ring the bell, and that such negligence was the proximate cause of the turkeys being killed. The jury also found that appellee was not guilty of contributory negligence in respect of preventing the turkeys from straying upon appellee's railroad track. There is no statutory law in this state against turkeys running at large, and as appellee did not live within the limits of any incorporated town or city, there was no ordinance violated. There is, therefore, nothing in this case that takes it out of the ordinary rule making the alleged negligence a question of fact to be determined by the jury. We overrule this contention.

■ Did the court err in submitting to the jury the Thanksgiving market value of the turkeys instead of the market value at the place and time in which they were killed? We think so. The rule for measuring damages for the loss of personal

property is: (1) Its reasonable market value at the time and place where the property was destroyed; (2) if there be no market value of such property at such time and place, then the actual value of the property, or what it was worth to the owner. The jury found, on disputed evidence, that there was no market value of the turkeys in the local market at Greenville on August 13th, though there was direct evidence showing that there was such market value and that the turkeys, lost to appellee, based on such market value, would be about $6. There was no evidence showing the actual value of the turkeys to appellee at such time and place, or showing their value to their owner. Missouri, K. & T. Ry. Co. v. Crews, 54 Tex.Civ.App. 548, 120 S.W. 1110; Sabine, etc., R. Co. v. Joachimi, 58 Tex. 456; Texas & P. Ry. Co. v. Bayliss, 62 Tex. 570; Chicago, etc., Co. v. Word (Tex.Com. App.) 207 S.W. 902; San Antonio, U. & G. Ry. Co. v. Schmidt (Tex.Civ.App.) 18 S.W.(2d) 237; Alderete v. Cabello (Tex.Civ.App.) 278 S.W. 950; Texas & P. Ry. Co. v. Billingsly (Tex.Civ.App.) 37 S.W. 27; St. Louis S. W. Ry. Co. of Texas v. Chambliss, 93 Tex. 62, 53 S.W. 343; Houston & T. C. Ry. Co. v. Jas. H. Muldrow, 54 Tex. 233.

■ Appellant has assigned error because of the refusal to permit it to prove its cross-action in the sum of $105. Evidence offered and denied admission attempted to establish that the $105 was made up of the following items: Costs in justice court $10; reasonable attorney's fee in justice court $10; county court costs $10; reasonable attorney's fee in county court $15; transcript on appeal $20; costs in appellate court $10; reasonable attorney's fee on appeal $20; costs of investigating such case $10—total $105. None of these items are recoverable on a cross-action for damages under the facts of this case, and the court did not err in sustaining an objection to each item. The items denominated as costs in the various courts would be taxable as costs against the losing party, and only against appellee if he failed to recover any damages. Attorney's fees are not allowed in this character of case, nor are the costs expended by appellant in making what it deemed a necessary investigation of the suit. Under the facts of this case, as found by the jury, appellee was prosecuting a valid claim against appellant, hence could not be subjected to the damages alleged in the cross-action and attempted to be proved on the trial of the case.

It follows that, because of the wrongful measure of damages submitted to the jury by the court, this case will have to be reversed and remanded, and it is so ordered.

Reversed and remanded.