## TEXAS & P. RY. CO. v. HEATHINGTON.

### No. 13721.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 9, 1938.

For opinion reversing judgment and remanding case for another trial, see 115 S. W.2d 495.

H. C. Shropshire, of Weatherford, for appellant.

Ben J. Hagman, of Weatherford, for appellee.

SPEER, Justice.

This case was before us on appeal and our opinion reversing and remanding it for another trial is reported in 115 S.W.2d 495.

The appellee has filed a motion asking for the issuance of mandate without payment of accrued costs; the motion is accompanied by what purports to be an affidavit by him to the effect that he is unable to pay the costs or any part thereof, nor to give security therefor.

The motion is contested by appellant upon three grounds. They are: (1) The purported affidavit filed by appellee is not an affidavit at all and does not meet the requirements of the statute. (2) The appellee has ample property subject to execution, which, if sold, would bring sufficient funds with which to pay the costs. And (3) the appellee (plaintiff below) filed in the Justice Court of Parker County, in which court the case originated, a bond conditioned for the payment of all costs that had accrued in that court or that may accrue in any other court to which the case may be taken on appeal or otherwise.

The "affidavit" filed by appellee, upon which he bases his right to the issuance of the mandate, is in sufficient form insofar as it attempts to state the facts; but it does not purport to be sworn to by appellee. It is followed by what may be denominated a single acknowledgment for a deed of conveyance of land. This does not meet the requirements of an affidavit as provided by R.C.S. Art. 1774; St. Louis B. & M. Ry. Co. of Tex. v. Dallas Cooperage & Woodenware Co., Tex.Civ.App., 268 S.W. 769; Missouri Pac. Ry. Co. v. Brown, Tex.Sup., 53 S.W. 1019. The latter case holds the affidavit insufficient if only the seal of the officer before whom it was executed is omitted. The application was

there dismissed without prejudice to the rights of the parties to file a proper affidavit. We must overrule the motion in this case for the reasons shown, and here, as in the last mentioned case, our order is without prejudice to file an affidavit properly verified.

■ We feel further impelled to say, however, that if another affidavit is filed and sufficient proof is produced under a contest, showing appellee owns property subject to execution, sufficient to pay the costs, it would be our duty to again deny the application. In the contest before us it is stated under oath of the appellant's attorney that appellee owns two automobiles, and that either of them is worth much more than the accrued court costs. The contesting plea is accompanied by an affidavit that appellee owns and operated, during the preceding year, an automobile known as a school bus, but such exhibit does not purport to show he owned yet another automobile, nor is the value of either automobile shown. If appellee owns two automobiles, one of them would be subject to execution, and we think the better practice would be to show the ownership of both and their respective values. It is true no reply is made to appellant's contest and the allegations thereof, but as it stands, only an issue was made by the original motion and the contest requiring proof by the contestant, of its allegations.

■ The appellant resists the motion upon the third ground stated, as above shown, because appellee has filed a certain bond in the Justice Court. Omitting formal parts, the bond is alleged to read:

"Know all men by these presents: That we, E. C. Heathington, as principal, and the other signers hereto, as sureties, bind ourselves jointly and severally to pay unto the officers of said court and of any other court to which this suit may be taken by appeal or otherwise, all costs that have accrued, or may accrue, in the prosecution of a certain suit now pending in said court, wherein E. C. Heathington, plaintiff, and Texas & Pacific Railway Company, a corporation, is defendant, No. 614 on the docket of said court."

The foregoing instrument was signed by appellee, Heathington, and two other persons, and was duly approved and filed by the Justice of the Peace.

The quoted instrument cannot be considered an appeal bond; it does not contain the requisites of such, as provided by R.C.S. Art. 2265; it is clear to us that no judgment had been rendered in the case at the time of its execution and filing. We express no opinion on the question of the validity of the instrument as a common law obligation as between the parties, in case appellant should seek to hold the signers liable thereon. 3 Tex.Jur., p. 1336, sect. 959. The contention of contestant upon this theory of the case is overruled.

For the reasons stated and conditioned, as mentioned herein, the motion to require issuance of the mandate in this case without payment of costs is overruled.