INTERNATIONAL & G. N. R'Y CO. v. MARTIN NICHOLSON.

(Case No. 5031.)

1. FRAUD ON JURISDICTION — PRACTICE.— A defendant who wishes to attack the jurisdiction of the court on the ground that the plaintiff has committed a fraud on such jurisdiction by placing a larger value on specific articles than was proper, the value of which was sued for, and that this was done to secure jurisdiction improperly, must plead that fact; the issue thus made should be submitted to the jury with the issues involved. On such an issue it does not necessarily follow that because the plaintiff in his petition claimed damages in excess of the minimum jurisdiction of the court and recovered an amount less than such minimum jurisdiction, that the amount claimed was fraudulently stated to secure jurisdiction.

2. SAME.— When, on such an issue being submitted with the main case, the jury found for the plaintiff a sum in excess of the minimum jurisdiction of the court, the verdict must be regarded as including a finding in favor of the jurisdiction.

3. MEASURE OF DAMAGES.— In a suit for damages against a common carrier for the loss of second-hand clothing belonging to the plaintiff, table furniture, and the like, having no special marketable value, and which were useful chiefly to the owner, it would seem that the measure of damages would be, not their loss at the place of intended delivery, but the value of such things

to their owner; not a price suggested by his partiality for them, nor yet what he could sell them for, but the actual loss in money he would sustain by being deprived of such articles of domestic use.

4. SAME.— In such cases it is only when the freight money has not been actually paid that the amount of it is to be deducted in estimating damages. When no sum was alleged or proved by the shipper, and no amount was specified in the bill of lading, it was not error in failing to charge on the subject.

5. EVIDENCE.— In a suit to recover the value of second-hand clothing, it was not error to exclude the testimony of a witness as to the relative value of new and second-hand goods, when the witness stated that he was a dealer in new goods only and had no knowledge as an expert as to the value of second-hand clothing.

6. EVIDENCE.— In such a suit a question asked a witness as to "what per cent. was lost on goods by being used, or the value of second-hand goods," was properly excluded as too general.

APPEAL from Bexar. Tried below before the Hon. G. H. Noonan.

Suit by Martin Nicholson to recover the value of a bureau and contents, alleged to have been shipped from San Marcos to Galveston and lost by defendant. The goods were valued in the petition at $228.55. The defendant pleaded to the jurisdiction of the court, on the ground that the matter in controversy amounted to less than $200, and that the plaintiff had falsely and fraudulently alleged the value to be $228.55, exclusive of interest, for the purpose of giving the district court jurisdiction of the case. This plea was verified by affidavit.

Defendant also pleaded a general denial, and specially denied that the goods claimed were of the value alleged, or were of any value more than $25; that it was unusual to ship such goods in a bureau, and that at the time of the shipment the defendant had no notice of the contents of the bureau.

The court submitted the plea to the jurisdiction to the jury at the same time with the other issues in the cause. The jury found the following verdict: "We, the jury, find for the plaintiff, and assess his damages at the sum of two hundred and twenty-eight dollars and fifty-five cents ($228.55)." Judgment in favor of the plaintiff accordingly.

The errors assigned are evident from the opinion.

Defendant offered to prove by the witness Oppenheimer the relative value of new and second-hand goods, to which the counsel for plaintiff objected, because witness had testified that he was a dealer in new goods only, and the court sustained the objection and excluded the testimony.

The defendant also offered to prove by the witness Pettipain

what percentage was lost on goods by being used, or the decreased value of second-hand goods, to which plaintiff objected, because the question was too general, and the court sustained the objection.

*J. H. McLeary*, for appellant, on the proposition that the court should have passed on the plea to the jurisdiction, cited: R. S., arts. 1268, 1269; Holstein *v.* Gardner, 16 Tex., 116.

That there should have been a special finding on the plea to the jurisdiction, he cited: R. S., art. 1317; Hall *v.* York, 16 Tex., 22, 23; Civ. Cas. Ct. App., sec. 154; Bridge *v.* Ballew, 11 Tex., 270, 272.

On measure of damages, he cited: Civ. Cas. Ct. App., secs. 446, 1148; Wolf *v.* Lacy, 30 Tex., 349; Fowler *v.* Davenport, 21 Tex., 626; Cartwright *v.* McCook, 33 Tex., 613; Heilbroner *v.* Douglass, 45 Tex., 406–408; 2 Greenl. Ev., sec. 261, p. 252; Sedgwick on Meas. of Dam., cap. X, pp. 260, 273.

On exclusion of evidence of Oppenheimer: Civ. Cas. Ct. App., secs. 147, 1147; Coles *v.* Perry, 7 Tex., 140; Todd *v.* Dysart, 23 Tex., 597.

On excluding evidence of Pettipain: Wells *v.* Fairbank, 5 Tex., 584; Civ. Cas. Ct. App., secs. 147, 1147.

*Beneman & Bergström*, for appellee, on questions affecting the plea to jurisdiction, cited: Jones *et al. v.* Ford, Texas Law Rev., vol. 2, No. 12, p. 178; Pearce *v.* Bell, 21 Tex., 691, and authorities cited; Day *v.* Cross, Texas Law Rev., vol. 2, No. 9, p. 135.

On measure of damages, they cited: Sutherland on Damages, vol. 3, pp. 293, 294; Fairfax *v.* N. Y. C., etc., R'y Co., 73 N. Y., 167.

WILLIE, CHIEF JUSTICE.— We do not think that any of the assignments of error relating to the ruling of the judge upon the plea to the jurisdiction of the court are well taken. There was nothing upon the face of the petition to show that the amount in controversy was placed at over $200 for the purpose of improperly giving jurisdiction to the district court. On the contrary, the petition makes out a clear case of jurisdiction by alleging the goods lost to be worth $228.55, and there is nothing in it to show that this was an overvaluation. In such a case, if a defendant wishes to show by extraneous proof that the value was falsely estimated at too much for the purpose of giving jurisdiction to the court, he must plead it, and then it becomes a question of fact to be submitted to the jury with the other issues in the cause. Breen *v.* T. & P. R. R. Co., 44 Tex., 309.

The district judge in this cause submitted the question to the jury in a manner that cannot be complained of by the defendant, for if there is any objection to this part of the charge, it is owing to the fact that it is too favorable to the appellant. It did not follow as a matter of course, that, if the plaintiff claimed more than $200 and recovered less, he was not entitled to sue in the district court. To oust the jurisdiction, it required further proof that the amount claimed was improperly overstated for the purpose of bringing the suit in that court. The charge of the court required a finding for the defendant, if the jury should think that the goods lost were not worth over $200, no matter how honestly and properly, from facts known to plaintiff, he had acted in estimating them at a larger sum. Of this charge, if there was any complaint, the plaintiff was the party to make it, and it certainly is not subject to objection on the part of defendants. Graham v. Roder, 5 Tex., 141.

The jury found for the plaintiff in the sum of $228.55, the exact amount claimed by him, and this verdict, in view of the charge of the court on the subject of jurisdiction, must be taken to have included a finding that the court had jurisdiction of the cause.

It is urged that the court should have charged the jury that the measure of damages was the value of the articles at their place of delivery less the cost of transportation. This is the general rule when goods are lost by a common carrier.

In the present case the value of the goods was proved, but it did not appear from the evidence that there was any difference between their value at the point of their shipment and at the place of their delivery. In fact the lost articles seemed to be of such a character, viz., second-hand clothing, books and table furniture which had been used by the plaintiff, that they could not be said to have to him a value at one place different from what they possessed at another. He could hardly have supplied himself in the market with goods in the same condition and so exactly suited to his purposes as were those of which he had been deprived. As compensation for the actual loss is the fundamental principle upon which this measure of damages rests, it would seem that the value of such goods to their owner would furnish the proper rule upon which he should recover. Not any fanciful price that he might for special reasons place upon them, nor, on the other hand, the amount for which he could sell them to others, but the actual loss in money he would sustain by being deprived of articles so specially adapted to the use of himself and his family.

But be this as it may, the judge gave the charge as the appellant contends the law is, except that he did not state the place at which

their market value was to be estimated, nor say anything about deducting the freight money which might be due upon them. The charge is not so definite in reference to the first matter as it should have been, but it is not clearly wrong upon its face, and in such cases it is the duty of the party not satisfied with the instruction to ask charges that will more specifically and clearly place the law before the jury. This the appellant failed to do in the present case.

It is only in cases where the freight money has not been paid that the amount of it is to be deducted in estimating the damages. Hutchinson on Carriers, § 769.

Here there was no proof whatever as to the amount agreed upon or as to whether or not it had been paid. The bill of lading left the amount blank, showing that no sum had been agreed upon by the parties. What the rate of charge in such cases was lay peculiarly within the knowledge of the defendant, and should have been proved by the company if it had not been paid. Without such proof the jury could not have deducted the freight, and there was no necessity for any charge upon that subject.

The court did not err in rejecting the testimony of Oppenheimer. He was introduced as an expert on the subject of second-hand goods, and failed to qualify himself as such by showing any means of knowing the value of such articles.

Nor did the court err in excluding the question asked of Pettipain in reference to the deterioration in value of second-hand goods. The question was too general, and should have confined the witness to the deterioration from the use to which the lost goods had been subjected.

The greater the length of time that goods have been used, or the severer the usage to which they have been subjected, the greater will be their deterioration in value. There can, therefore, be no general rule laid down as to the value of second-hand goods as compared to the value of those that are new; and any attempted rule on that subject would but tend to confuse the jury, or cause them to find upon a different state of facts from that presented to them.

Whilst the cost of the goods was proven there was also abundant testimony to show their value at the time of their loss. If there was any testimony to show that they were worth less than the value placed upon them by the plaintiff in his evidence, it did no more than produce a conflict which it was the province of the jury to pass upon and which they did settle by their verdict.

There is no error in the judgment and it is affirmed.

                                                        AFFIRMED.

[Opinion delivered May 13, 1884.]