## GILL BROS. v. BEN JACKSON.

### (No. 2329.)

APPEAL from Freestone County. Opinion by WHITE, P. J.

KIRVEN, GARDNER & ETHERIDGE, counsel for appellants.

No counsel appeared for appellee.

§ **355.** *Jurisdiction; attempt to confer improperly; rule as to; case stated.* This is a proceeding begun in justice's court by appellants to try the right of property to a cow and calf. Appellants alleged the value of said property to be $23. Appellants having lost the case in justice's court appealed to the county court, in which latter court appellee pleaded specially that the value of said animals did not exceed $12, and that appellants had purposely alleged their value to be $23 for the purpose of improperly giving appellate jurisdiction of the case to the county court, thereby perpetrating a fraud upon the jurisdiction of said court. The issue made by said special plea was submitted to a jury, and a verdict was returned sustaining the plea, and the appeal was dismissed. In submitting said issue to the jury the court instructed as follows: "You are instructed that if you believe from the evidence that the cow and calf in question were valued by plaintiff at .$23, without reasonable expectation of proving them to be of that value, you will find in favor of defendant's special plea." *Held:* This instruction was error. It was not necessary to sustain the jurisdiction of the court that the proof should show the value of the property to be exactly $23. If the value ex-

ceeded $20 the county court had jurisdiction. [R. S. art. 1165.] There was evidence from which the jury may well have concluded that the value of the property exceeded $20, but did not amount to $23. In a case admitting of reasonable doubt as to whether the amount in controversy is within the jurisdiction of the court, and where the plaintiff might have had reasonable grounds to believe that he could recover a sum within the jurisdiction of the court, the case will not be dismissed; for all intendments, in a doubtful case, are in favor of the jurisdiction. [Dwyer v. Bassett, 63 Tex. 274; R'y Co. v. Nicholson, 61 Tex. 550; 1 App. C. C. § 519.]

§ **356.** *Evidence as to value held incompetent.* Instead of limiting the testimony as to the value of the cow and calf in question to witnesses who knew these particular animals, the court, over the objection of appellants, permitted several witnesses who did not know said animals to testify as to the general market value of stock cattle upon the range, it being already in proof that the cow in question in this case was ·a milch cow, and was well known to a number of witnesses who testified at the trial, and who knew her market value. *Held*, it was error to admit such testimony, as it was irrelevant, not tending to prove the value of the particular animals in question. [1 Greenl. Ev. § 52.]

February 8, 1888. Reversed and remanded.