### The Gulf, Colorado & Santa Fe Railway Company
### v. R. L. Dunman.

#### No. 557.

1. **Interest on Value of Livestock Killed by Railway.**—The jury was authorized in fixing the damages for negligently killing a bull to find for the owner and against the railway company whose train ran over and killed the bull, its value at time killed and legal interest up to date of the judgment.

2. **Case Held to have been Overruled.** — Railway v. Muldrow, 54 Texas, 233, held to be inconsistent with and overruled by the later case, Railway v. Cook, 64 Texas, 153.

APPEAL from the County Court of Coleman. Tried below before Hon. H. A. ORR.

*J. W. Terry* and *Chas. K. Lee*, for appellant. — The measure of damages for stock killed by a railway company by the operation of its train is the value of the animal at the time and place of the killing, without interest; and it is reversible error to allow interest on the value as found. Railway v. Muldrow, 54 Texas, 233; Railway v. Lanham, 2 Willson's C. C., sec. 252.

*J. P. Ledbetter*, for appellee.

#### OPINION ON REHEARING.

FISHER, CHIEF JUSTICE. — The questions presented in the motion for rehearing were all considered by the court in the original disposition of the case. There is only one question presented by this motion which we desire to further notice. The judgment below was based upon an action against appellant seeking to recover for the value of an animal killed upon appellant's track by being run over by a locomotive. The question here is, whether the judgment of the court below is erroneous for giving interest on the value of the animal killed.

The statute that authorizes a recovery against railways for the value of animals killed by being run over, we do not regard as being in the nature of a penalty, but the purpose is simply to declare a liability against the railways for acts committed under certain circumstances for which they might be held liable at common law if they were guilty of negligence. The statute makes the railway liable for killing animals when it fails to fence its track—that is, if the killing occurs at a point where it may fence—and also holds them liable for their negligence. If the statute was simply in the nature of a penalty, interest ordinarily would not be allowed. But one of the objects of the statute being to compensate the

owner for the loss of his animal, we can not see any good reason why he may not, as a part of that compensation, recover interest on its value, as is permitted in nearly all cases of trover, trespass, tort, and conversion, when the owner has been by the wrongful act of the defendant deprived of the value of his property. This principle is well illustrated in the case of Houston & Texas Central Railway Company v. Jackson, 62 Texas, 209, and in 1 Sutherland on Damages, 173, 174, 534, 598, 629, and volume 3, 472, 473, 492; and 64 Texas, 347.

The case of Houston & Texas Central Railway Company v. Muldrow, 54 Texas, 233, directly holds, that as the statute in question makes the railway liable for the value of the animal killed or injured, that value is the extent of recovery, and interest will not be allowed.

In the case of International & Great Northern Railway Company v. Cocke, 64 Texas, 153, in an action under this statute for the value of an animal injured, the Supreme Court held, that the railway company was liable for the reasonable expenses incurred in taking care of and curing the animal. The effect of this ruling is to hold that the value of the animal is not alone the limit of recovery, but that in cases authorizing it, recovery may extend to items other than value. It is impossible to reconcile this decision with the Muldrow case, and we think it in effect overrules the latter case, and justly so.

*Motion overruled.*