MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v.
CULLEN CREWS.

Decided March 24, 1909.

**1.—Railway—Killing Stock.**

Evidence that animals were found killed and injured near a railway track considered and held sufficient to prove by the circumstances that their injuries were caused by being struck by a passing train.

**2.—Pleading—Value.**

A general allegation that articles were of a certain value, means ordinarily market value; but in the absence of exception may be held to include also their intrinsic value, in the absence of a market price.

**3.—Same.**

Under a general allegation that stock injured or killed were of a certain "reasonable value", evidence may be admitted to show their market value, or their intrinsic value in the absence of a market price, but not of their value to the owner.

**4.—Value—Damages.**

The damages recoverable for destruction of personal property are measured by its market value, if one exists, or by its intrinsic value or cost to replace or reproduce it, in the absence of a market value. Evidence of its value or usefulness to the owner is admissible only in case of the absence of a market or intrinsic value, and where it cannot be reproduced or replaced.

Appeal from the District Court of Hays County. Tried below before Hon. L. W. Moore.

*Fiset & McClendon,* for appellant.—The burden of proof was on plaintiff to establish, by a preponderance of the evidence, that the animals were killed by a locomotive or train of defendant. The evidence was insufficient to establish such fact, and the trial court, therefore, committed error in refusing defendant's peremptory instruction. Railway Co. v. Leal, 4 Texas C. C. (Willson), sec. 149; Railway Co. v. Blau, 73 S. W., 1074, 31 Texas Civ. App., 644.

*O. T. Brown,* for appellee.—The rulings of the court complained of in the second and third assignments were proper, and those features of the charge of the court complained of in the seventh and eighth assignments of errors were also proper, because, as matter of law, the evidence objected to was admissible. International & G. N. R. R. Co. v. Nicholson, 61 Texas, 550; Sinclair v. Stanley, 64 Texas, 67; Gulf, C. & S. F. Ry. Co. v. Blake, 95 S. W., 593; Houston & T. C. Ry. Co. v. Ney, 58 S. W., 43; St. Louis, I. M. & S. Ry. Co. v. Green, 97 S. W., 531; Texas & Pac. Ry. Co. v. Farnbrough, 55 S. W., 188; Texas & Pac. Ry. Co. v. Ellerd, 87 S. W., 362; Missouri, K. & T. Ry. Co. v. Chittim, 40 S. W., 23; International & G. N. R. R. Co. v. Carr, 91 S. W., 858; Wall v. Platt, 48 N. E., 274.

The uncontroverted evidence shows that the defendant had failed to provide cattle guards at points of intersection, and the evidence tends to show that the presence of the animals on the right of way and their resultant injuries were caused, proximately, by the failure

of the defendant to do that. Sayles' Rev. Civ. Stats., art. 4523; Texas & P. Ry. Co. v. Glenn, 8 Texas Civ. App., 303; Railway Co. v. Cocke, 64 Texas, 151; Ft. Worth & D. C. R. Co. v. Polson, 106 S. W., 429; S. W. T. & T. Co. v. Krause, 92 S. W., 431; L. W. Ex. R. Co. v. Deon, 56 S. W., 104.

RICE, ASSOCIATE JUSTICE.—Appellee sued appellant for the recovery of $1825, the alleged value of six mules, two mares and one mule colt, alleged to have been killed or injured by appellant in such manner as to render them of no value, on account of the negligence of appellant, which negligence was alleged to have consisted in the failure on the part of appellant to provide and maintain cattle guards or stops at the point where its road crossed a certain lane leading into the enclosures on each side thereof.

Appellant answered by general demurrer and general denial. There was a jury trial resulting in a verdict and judgment for appellee in the sum of $1190, from which this appeal is prosecuted.

On the trial appellant, after the conclusion of the evidence, requested the court to peremptorily instruct a verdict in its behalf, and in its first assignment, urges that the court erred in refusing to give said instruction, on the ground that the evidence was insufficient to show that the animals were killed by the railway company. After a careful review of the evidence we are inclined to believe that the charge was properly refused. The animals were found on the right of way, some of them within a few feet of the railway track, at which point the right of way was fenced—some of them were killed outright and others so seriously injured as to render them valueless. While it is true that there was no eye-witness to the killing, nor any evidence showing the recent passage of trains, nor anything to indicate at what point along the track they were struck, such as the signs of blood or of their having been dragged, still, the circumstances are such, it seems to us, as to satisfy any reasonable mind that they were struck and killed by appellant's locomotive and cars. One of the animals was cut in two, parts of which were found on different sides of the track, and all of them were badly wounded and mangled, leaving the inference that nothing except contact with a locomotive could likely have produced the serious injuries shown. We therefore overrule this assignment.

On the trial plaintiff was asked by his counsel what in his opinion the two brood mares were worth to him, and testified that the bay mare was worth $375 and the sorrel mare $175. Appellant objected to the question and answers on the ground that the same were irrelevant, incompetent and immaterial, *and did not furnish the proper measure of damages,* and because there was no predicate for any measure of damages to said animals other than their market value, and the action of the court in admitting said evidence over appellant's objection is assigned as error. The allegation in the petition relative to the value of the mares is as follows: "That at the time said mares were so killed they were then and there each respectively of the reasonable value as follows, viz.: One of the mares was of the value of $375, and the other mare was of the value of $175."

While the evidence perhaps fails to disclose that there was any market value for the animals in that neighborhood at the time they were killed, still the evidence does show what the same were reasonably worth, and they had an intrinsic and real value in contradistinction to what might be termed their market value. Under this allegation, in the absence of an exception thereto, we are inclined to think proof, either of their market value or of their intrinsic value could have been offered.

In the case of Houston & T. C. R. Co. v. Tisdale, 109 S. W., 413, Judge Fisher, in discussing the following allegation, "The cow killed was of the reasonable, intrinsic and market value of $300, and the two that were injured were each of the reasonable and intrinsic market value of $100," said: "It seems from this that the purpose was to allege the reasonable and also the market value of the animals killed and injured. There was no exception to this pleading, and we are inclined to the opinion that the pleading raised the issue as to both characters of value."

In vol. 29, 2d ed., Am. & Eng. Ency. Law, p. 575, it is said: "The word 'value,' when applied without qualification to property of any description, necessarily means the price which it will command in the market. Value is defined as the amount of other commodities, commonly represented by money, for which a thing can be exchanged in open market. The term, however, has two different meanings. Sometimes it expresses the utility of an object, and sometimes the power of purchasing goods with it. The first may be called value in use, the latter value in exchange." (See notes to the text.)

From vol. 8, Words & Phrases, 7278-9, we make the following excerpts: "When applied to property and no qualification is expressed or implied, 'value' means the price which the property could command in the market.

"By the term 'value of stock' is usually meant market value. (Blair & Co. v. Rose, 60 N. E., 10.)

"Text writers use the terms 'value' and 'market value' as interchangeable and both as being equivalents of actual value, salable value, and, in proper cases, rental value. (Jonas v. Noel, 39 S. W., 724, 36 L. R. A., 862.)"

In Luedde v. Hooper, 66 S. W., 55, in passing upon the meaning of the expression, "The value of property replevied" in our sequestration statutes, the court held that said phrase meant "The market value at the time of the trial."

"The value of property is what it will sell for within a reasonable time from that in which the 'value' is sought to be ascertained. This is held to be a correct definition of the term, at least, so far as it goes, and not erroneous as an instruction when no fuller definition is requested."

In Martinez v. State, 16 Texas App., 128, it is said: "Value signifies the sum for which the like goods are commonly bought and sold in the market."

We therefore conclude, both from the allegations and proof in this case, that it was improper to permit appellee to testify what said mares were worth to him, since they had an actual or intrinsic value;

and where such is the case plaintiff must be confined in his recovery to proof of actual value, and is not entitled to recover their value to him. But there are authorities other than the ones cited holding that the word "value" does not necessarily mean "market value," and while we are inclined to believe the weight of authority is in favor of the view here taken, still it may not be improper to suggest that, in view of another trial, this question be eliminated by proper allegations as to the market value of the animals, as well as their real or intrinsic value.

There are cases in which proof may be allowed as to what a thing may be worth to the plaintiff, but the present is not such a case, and that can only be done where no market value or real or intrinsic value is shown. And as it is the object of the law to allow compensation merely for the injury sustained, therefore in the present case it would seem that mares such as the ones in question had a real value, which plaintiff was entitled to recover; hence, it was error to permit him to show that they had a particular or special value to him, in contradistinction to such real value. .

Where property is destroyed and injured which has a market value, this must be shown as the measure of damages; where it has no market value and a real value is shown, this is the measure of plaintiff's recovery; where it has neither a market value nor a real value, but it is shown what it would cost to replace or reproduce the article, then such costs is the measure of damages. But if the article has no market value nor real value, and it can not be reproduced or replaced, then in that event it would be proper to show what it was worth to the plaintiff; that is to say, what is the actual loss in money sustained by the owner on account of being deprived thereof, but the courts uniformly hold that he can not recover a fanciful price therefor, such as he might place upon it on account of a sentiment attaching thereto, or for any other special reason. (St. Louis, I. M. & S. R. v. Green, 97 S. W., 533; Missouri, K. & T. Ry. Co. v. Dement, 115 S. W., 637; International & G. N. R. R. Co. v. Nicholson, 61 Texas, 550; Sinclair v. Stanley, 64 Texas, 67; Houston & T. C. Ry. Co. v. Ney, 58 S. W., 43; Gulf, C. & S. F. Ry. Co. v. Blake, 95 S. W., 593; Texas & Pac. Ry. Co. v. Ellerd, 87 S. W., 362.)

Believing that the court erred in permitting plaintiff to testify as to what these animals were worth to him, this assignment is sustained.

From what we have just said relative to the question raised in the second assignment, it will appear that no error was committed, as urged by appellant in the third assignment, in permitting the witness Hale to testify as to what in his opinion was the actual value of the mares in question; and we therefore overrule this assignment.

The remaining assignments will be overruled for the reason that we believe the errors complained of are such as will likely not arise upon another trial, and some of them are without merit.

For the error indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*