### CHICAGO FIRE & MARINE INS. CO. v. HARKNESS et al.

#### No. 1088.

Court of Civil Appeals of Texas. Eastland.
March 24, 1933.

Thompson, Knight, Baker & Harris and Ben F. Vaughan, Jr., all of Dallas, for plaintiff in error.

Butts & Wright and J. D. Barker, all of Cisco, for defendants in error.

LESLIE, Justice.

By this suit Notre Dame Harkness, joined by her husband, R. T. Harkness, and T. H. Foley, seeks to recover of the Chicago Fire & Marine Insurance Company on a $1,000 fire insurance policy, issued by that company to Mrs. Ada Stewart on secondhand furniture, situated in a rooming house and destroyed by fire. Foley seeks to recover on said policy as his interest therein appears and alleged to be $625.01. Mrs. Harkness sues as the assignee after the fire for the remaining amount of said policy, alleged to be $374.99. The defendant, among other defenses, answered by general denial, and denied the agency or authority of J. M. Williamson & Co. to write the insurance policy. The trial was before the court and jury. Upon the answer of the jury to special issues, judgment was entered in favor of the plaintiffs. The defendant appeals. The parties will be referred to as in the trial court.

No issue as to the value of the personal property destroyed was submitted to the jury, and no request made therefor. Defendant's first contention is that, in a suit on a fire insurance policy for the destruction of personal property, where the only testimony of the value of the same is that of an interested witness, an issue must be submitted to the jury as to the value of such property, and, in the absence of a finding thereon by the jury, no judgment can properly be entered for any amount in favor of the plaintiff. As a corollary to this proposition, it is further contended that in such a case the court cannot find the value and enter judgment accordingly. We sustain these propositions.

It appears that the only evidence as to the value of the property destroyed is the testimony of Mrs. Ada Stewart, the assured. She was the aunt of the plaintiff, Mrs. Harkness, and also a debtor in the sum of $625.01

to plaintiff Foley, the loss payee. Foley held a mortgage against the property insured. If he recovered in the sum of $625.01, it had the effect of extinguishing Mrs. Stewart's debt to him, and, if he did not so recover, she remained obligated to pay him the sum of $625.01. Under these circumstances Mrs. Stewart must be regarded as an interested witness.

Further, her testimony was not as clear and unequivocal upon the question of value as it should have been. From her direct examination we take the following excerpts:

"Q. What were those dressers worth? A. Judge, I can't hardly tell you. I gave $25.00 and $30.00 and some of them $15.00. I can't tell you how much the whole thing is worth. * * *

"Q. About these dressers, do you know what they were actually worth at the time of that fire? A. Well, of course I had used them a good while, and I suppose—

"Q. Don't suppose. We have got to get at some value here. A. Some of them were worth $15.00, $20.00, $25.00 a piece * * *

"Q. Do you know the value of those 28 dressers at the time of the fire? A. Well, I can give you the value I gave for them; they were about $30.00 a piece. * * *

"Q. State whether or not you know the values; if you don't know the value we will have to quit. A. I guess—

"Q. Don't guess. A. Well, $15.00 a piece."

Preceding the last question and answer the court struck out some of the answers, but the last was permitted. Then followed like testimony on the value of a great number of articles, and the qualification of the witness to estimate the same became a few shades stronger, making what should possibly be regarded as a prima facie showing of qualification to so testify.

Upon the authority of the recent cases of I.-G. N. Ry. Co. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669, Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210, and Dallas Hotel Co. v. Davidson (Tex. Com. App.) 23 S.W.(2d) 708, we are of the opinion that it was necessary under the pleadings and the evidence for an issue on the value of the property to have been submitted to the jury and a finding made thereon favorable to the plaintiffs before a valid judgment could be rendered against the insurance company. The above authorities are by the Commission of Appeals, and each has the express approval of the Supreme Court. Several late cases by the Courts of Civil Appeals have followed them.

On the point that an issue arising out of the testimony of an interested witness should be submitted to the jury, we cite American Surety Co. v. Whitehead (Tex. Com. App.) 45 S.W.(2d) 958; Mills v. Mills (Tex. Com. App.)

228 S. W. 919; Pope v. Beauchamp, 110 Tex. 271, 219 S. W. 447; Walker v. Dawley (Tex. Civ. App.) 4 S.W.(2d) 159; Thomas v. Saunders (Tex. Civ. App.) 150 S. W. 768; A., T. & S. F. Ry. Co. v. Lucas (Tex. Civ. App.) 148 S. W. 1149; 17 Tex. Jur., § 418, p. 926.

In Houston, E. & W. T. Railway Co. v. Runnels, 92 Tex. 305, 47 S. W. 971, 972, it is said: "It is the province of the jury to pass upon the credibility of the witnesses, and they may disregard the testimony of a witness who has neither been impeached nor contradicted, if they believe his statements to be untrue from his manner of testifying, prejudice exhibited towards the opposite party, or his interest in the result of the litigation, or other things indicating that the evidence is not reliable."

The testimony here under consideration has not the positive and unequivocal character of the testimony considered by this court in Golden v. First State Bank of Bomarton (Tex. Civ. App.) 38 S.W.(2d) 628, Boyd v. Guinn (Tex. Civ. App.) 44 S.W.(2d) 1112, Edelbrock v. Farmer (Tex. Civ. App.) 43 S.W.(2d) 456.

The third proposition complains that the assured, Ada Stewart, was permitted to testify as to the value of the property without qualifying to do so, etc. In view of another trial of the case, we desire to state that the record in the respect complained of is not entirely satisfactory. In 19 Tex. Jur., p. 188, § 123, it is said that, where property lost, destroyed, or injured has a market value, such value is the one contemplated by the rule in arriving at a proper measure of damage. That if it has no market value, the contemplated value is its actual, reasonable, or intrinsic value or worth, and if the property has neither (1) market value, nor (2) actual, reasonable, or intrinsic value, then the measure of damages is (3) its value to the owners; that is, the actual monetary loss sustained by him. I. – G. N. Ry. Co. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669.

In the instant case the contracting parties stipulated for the measure of damages in the event of the destruction of the property by fire. That provision of the policy reads: "In all other cases this company shall not be liable beyond the actual cash value of the property at the time of the loss, with proper deductions for depreciation, however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with materials of like kind and quality."

Undoubtedly, whatever the value sought to be established, the witness should show a reasonable qualification to speak thereon. 19 Tex. Jur. p. 138, § 93, et seq.

The actual cash value only being sought in the instant case, we think it should have been established more in harmony with the decisions, some of which are: J. B. Watkins Land Mortg. Co. v. Campbell, 98 Tex. 372, 84 S. W. 424; International & G. N. Ry. Co. v. Nicholson, 61 Tex. 550; Sinclair v. Stanley, 64 Tex. 67; So. Pac. Ry. Co. v. Maddox, 75 Tex. 300, 12 S. W. 815; T. & N. O. Ry. Co. v. Moore (Tex. Civ. App.) 271 S. W. 126; Ft. Worth & Rio Grande Ry. Co. v. Hurd (Tex. Civ. App.) 24 S. W. 995; St. L., I. M. & S. Ry. Co. v. Green, 44 Tex. Civ. App. 13, 97 S. W. 531; Commercial Acceptance Trust v. Parmer (Tex. Civ. App.) 241 S. W. 586; Ft. Worth & D. C. Ry. Co. v. Hapgood (Tex. Civ. App.) 210 S. W. 969; Pecos & N. T. Ry. Co. v. Porter (Tex. Civ. App.) 156 S. W. 267; T. & P. Ry. Co. v. Warner, 42 Tex. Civ. App. 280, 93 S. W. 489; G., H. & S. A. Ry. Co. v. Daniels, 9 Tex. Civ. App. 253, 28 S. W. 548, 711; Hartford Fire Ins. Co. v. G., H. & S. A. Ry. Co. (Tex. Com. App.) 239 S. W. 919, 928; Peterson v. Grayce Oil Co. (Tex. Civ. App.) 37 S.W.(2d) 367; Wells, Fargo Express Co. v. Williams (Tex. Civ. App.) 71 S. W. 314; Jacksonville, Etc., Ry. Co. v. Peninsular Land, Etc., Co., 27 Fla. 1, 157, 9 So. 661, 17 L. R. A. 33, 65; McMahon v. City of Dubuque, 107 Iowa, 62, 77 N. W. 517, 70 Am. St. Rep. 143; Texas Moline Plow Co. v. Niagara Fire Ins. Co., 39 Tex. Civ. App. 168, 87 S. W. 192; T. & P. Ry. Co. v. Wilson Hack Line, 46 Tex. Civ. App. 38, 101 S. W. 1042; M., K. & T. Ry. Co. v. Crews, 54 Tex. Civ. App. 548, 120 S. W. 1110; City of Wichita Falls v. Mauldin (Tex. Civ. App.) 23 S.W.(2d) 771; Pecos & N. T. Ry. Co. v. Grundy (Tex. Civ. App.) 171 S. W. 318; Lancaster v. Rogers & Adams (Tex. Civ. App.) 235 S. W. 643; Tubbs v. American Transfer & Storage Co. (Tex. Civ. App.) 297 S. W. 670.

In the production of competent testimony and in the proper qualification of the witness to speak on the question of value in this character of case, various elements and considerations are to be borne in mind; but the disposition which we are required to make of this appeal under other assignments renders it unnecessary, we think, to do more than cite some of the leading authorities throwing light on the point here presented.

There are other propositions in the appellant's brief, but they pertain to matters of sufficiency of testimony and argument of counsel, and will not arise on another trial.

For the reasons assigned, the judgment of the trial court is reversed, and the cause remanded.