## TAYLOR COUNTY v. OLDS.

### No. 1213.

Court of Civil Appeals of Texas. Eastland.
Jan. 19, 1934.

Rehearing Denied Feb. 2, 1934.

Smith & Eplen, of Abilene, for appellant.

Cox & Hayden, of Abilene, for appellee.

FUNDERBURK, Justice.

The county court, upon appeal from an award of commissioners, gave Mrs. Frances B. Olds judgment against Taylor county for damages in the amount of $432.60 for the taking for highway purposes of 6.18 acres of land, and $2,090 for the decreased value of the remainder of the same tract, consisting of 110.20 acres. Mrs. Olds, in her petition, alleged as a basis for determining the amount of damages the *"market* value" of the land taken, and as to the land not taken alleged variously its "reasonable worth"; that certain alleged facts "will materially decrease and lessen the *value* thereof"; that "its market value will be decreased at least 33⅓ percent of the *value* thereof, or a total of $2,757.50"; and that a number of alleged facts "are all elements which enter into the decreased *value* of said lands * * * and decreased its *value* in said sum of $2,757.50." (Italics ours.) By written stipulations the issues upon the trial were limited to such as related to the damages; Mrs. Olds thereby becoming entitled to open and close. The only issues submitted to and answered by the jury called for findings of the *"market* value" of the 6.18 acre tract and amount of decrease in the *"market* value" of the rest of the tract. Taylor county has duly appealed.

The principal question presented grows out of the fact that, although Mrs. Olds as a basis for the ascertainment of the amount of damages alleged the *market* value of the property, and the jury made their findings in response to inquiries concerning the *market* value of the property, the undisputed evidence, as we interpret the entire evidence, showed that there had been no sales of similar property in the vicinity of the land in question for three or four years. The question is: Was there any competent evidence to support the judgment under the pleading?

■ In connection with the special issues, the court defined "market value" as follows: "The market value of property is the price it will bring in cash when offered for sale by one who desires to sell but is not obliged to sell, and is bought or purchased by one who desires to purchase it but is under no necessity of doing so." There is no assignment complaining of this definition. Not infrequently the word "value" and the term "market value" are used interchangeably as meaning the same thing. "The word 'value,'" says Tex. Jur., "usually signifies 'market value,' the terms being used interchangeably, also both are the equivalent of actual value and 'salable value.'" 13 Tex. Jur. p. 147, § 62; El Paso & Southwestern Co. v. Hall (Tex. Civ. App.) 156 S. W. 356; Fort Worth & R. G. Ry. Co. v. Chisholm (Tex. Civ. App.) 146 S. W. 988; Missouri, K. & T. Ry. Co. v. Crews, 54 Tex. Civ. App. 548, 120 S. W. 1110; Missouri, K. & T. Ry. Co. v. Murray (Tex. Civ. App.) 150 S. W. 217; Manchester Fire Ins. Co. v. Simmons, 12 Tex. Civ. App. 607, 35 S. W. 722. The definition of "market value" given by the court has in substance and effect often received judicial sanction. See 5 Words and Phrases (First Series) page 4384; 3 Words and Phrases (Second Series) page 300. The definition given, if correct, is only so, we think, as applied to the term "market value" when used in the same sense as "value," or at least in a different sense from market value in relation to real or intrinsic value. When, in any case, it becomes material to use the term "market value" in a sense different from real or intrinsic value, the above definition is certainly, in our opinion, not correct. There can be no "market value," accurately speaking, in the absence of a market; which is to say that there can be no market value of property at a given time and place if there have been no sales of any property of like kind and quality and in sufficient quantity to establish a prevailing sales price of such property. Gulf, C. & S. F. Ry. Co. v. Jackson, 99 Tex. 343, 89 S. W. 968; International & G. N. Ry. Co. v. Pape, 73 Tex. 501, 11 S. W. 526; Pacific Express Co. v. Lothrop, 20 Tex. Civ. App. 339, 49 S. W. 898; Houston & T. C. Ry. Co. v. Crowder (Tex. Civ. App.) 152 S. W. 183; Galveston, H. & S. A. Ry. Co. v. Patterson (Tex. Civ. App.) 173 S. W. 273. Market value in the sense here considered and market price mean the same thing, and the terms have been used interchangeably.

Gulf, C. & S. F. Ry. Co. v. Stanley, 89 Tex. 42, 33 S. W. 109; International & G. N. Ry. Co. v. Pape, supra.

■ When an issue of value is properly joined by pleadings, "market price" or "market value" is in relation to such issue a matter of evidence. In such case the best evidence of value is evidence, if any, of "market price" or "market value." The reason is that other evidence of value is largely, if not altogether, a matter of opinion, while "knowledge of the market value of an article is hardly an opinion. It is a fact known from information." Missouri Pac. R. R. Co. v. Fagan, 72 Tex. 127, 9 S. W. 749, 750, 2 L. R. A. 75, 13 Am. St. Rep. 776. The principle or rule of law relating to best and secondary evidence is applicable. This proposition, it is believed, is unquestionably well supported by both reason and authority. Under the head of "Best and Secondary Evidence," wherein is discussed the various applications of that principle, the text of Tex. Jur. says: "The market value of an article is generally the best evidence as to its value." 17 Tex. Jur. p. 502, § 197, note 16. The following decisions, we think, clearly support that statement from the text: Gulf, C. & S. F. Ry. v. Peacock, 60 Tex. Civ. App. 250, 128 S. W. 463; Galveston Wharf Co. v. McYoung, 2 Willson, Civ. Cas. Ct. App. § 642; Pacific Exp. Co. v. Lothrop, supra; Sinclair v. Stanley, 64 Tex. 67; International & G. N. Ry. Co. v. Pape, supra.

■ If the rule of best and secondary evidence be applicable, it follows that the admission of evidence of value other than evidence of market price or market value when not objected to upon the ground that it is not the best evidence is not incompetent upon an issue of value. The party offering the evidence should lay a predicate therefor by a prima facie showing that there exists no market value at the time and place in question. If he fails to do so, the adversary party has the right to object to the admission of any other evidence of value until such showing is made. Likewise, by analogy, it is not necessary by allegations of the pleading to lay a basis for the introduction of secondary evidence of value any more than in any other case where the principle may be applicable, as, for instance, parol evidence of the contents of a lost written instrument. Wooten v. Dunlap, 20 Tex. 184.

In the instant case, much of the testimony was secondary evidence of value. While there was some evidence which purported to be of market value, we think the undisputed evidence showed there was no market value at the time and place in question, in that it was shown that there were no sales of similar property in that vicinity at that time, nor had there been for three or four years previously. All the witnesses but one who undertook to testify to market value testified to the fact of such absence of sales, except perhaps one whose testimony was not shown to relate to the time in question. In Ara v. Rutland (Tex. Com. App.) 215 S. W. 445, in an opinion approved by the Supreme Court, it was held that testimony of market value which was not expressly shown to apply to the particular place concerning which the inquiry was made would not be inferred as so applying, and we take it that, if there would exist no such inference as to place, neither would there as to time.

■ These conclusions in themselves do not, of course, answer appellant's contention that there was no competent evidence of market value, but they do show that the evidence of value which was produced was competent upon the issue of value, if that issue was sufficiently tendered by the pleadings.

■ It therefore remains to consider the effect of the plaintiff's having pleaded market value, and the competent evidence consisting, as it did, of something other than evidence of market price or market value. Under the facts and principles above discussed, two conclusions are deducible from this record: First, plaintiff's petition shows on its face that it employed the term "market value" as meaning simply "value." The terms are used interchangeably in the petition, as the above excerpts from the statement of the case show. The court gave a definition of "market value" that was not a definition of market value as contradistinguished from real or intrinsic value. If not a correct definition of the latter, it was at least, we think, not misleading to the extent of causing an improper verdict. Therefore the jury's verdict was a finding of value based upon evidence which, as we have already said, was competent. Second, in the next place, if we have correctly interpreted the law to be that market price or market value in relation to the present subject of inquiry is simply a matter of evidence, then it was not necessary to plead market value. As a matter of pleading, the issue would have been best and all-sufficiently tendered by simply an allegation of value. It is not necessary for a party to allege the evidence upon which he relies to prove his allegations. 49 C. J. 41, § 16, and authorities there cited.

An allegation of value is an allegation of fact, and not of a conclusion. Jackson v. Sere (Tex. Civ. App.) 198 S. W. 604. That market value, or real or intrinsic value, need not be alleged, but that they are simply matters evidentiary of value, see Missouri, K. & T. Ry. Co. v. Mulkey (Tex. Civ. App.) 159 S. W. 111; St. Louis & Southwestern Ry. Co. v. Jenkins (Tex. Civ. App.) 89 S. W. 1106; Denison & P. S. Ry. Co. v. Smith, 19 Tex. Civ. App. 114, 47 S. W. 278; Gulf, C. & S. F. Ry. Co. v. King (Tex. Civ. App.) 174 S. W. 960; Davis v. Standard Rice Co. (Tex. Civ. App.) 293 S. W. 593. The correctness of judgments under pleadings of *market* value and proof of *real* or *intrinsic* value have been supported by the following authorities: 13 Tex. Jur. 412, § 242; Tubbs v. American Transfer & Storage Co., 297 S. W. 670; Black v. Nabarrette (Tex. Civ. App.) 281 S. W. 1087. See, also, International & G. N. Ry. Co. v. Gordon, 72 Tex. 44, 11 S. W. 1033.

■ The defendant in this case might have objected to evidence other than evidence of market value on the ground that the pleading limited the issue to one of market value, and this would probably have necessitated a trial amendment in order to render the testimony admissible, but, in the absence of such objection, the evidence showing as we think that there was no market value, the word "market" in the pleading may be treated as surplusage. At any rate, as before said, it was not used in a sense different from the meaning of value.

It must be admitted that what we have said upon this point is not in entire harmony with some decisions in this state. It is recognized as being contrary to expressions by this court in at least two cases, viz., Cosden Oil Co. v. Sides, 35 S.W.(2d) 815, and Wichita Valley Railway Co. v. Anderson, 48 S.W.(2d) 361. To the extent of such conflict, those opinions are to be regarded as no longer expressing our views.

■ The preceding discussion sufficiently disposes of the several contentions with reference to the exceptions to the pleadings. It was unnecessary for the plaintiff to plead the various matters of evidence going to show the value of the property, but that would not necessarily render the pleadings subject to exception. The issues, as submitted, clearly exclude any double recovery.

By five separate propositions under the same number of assignments, complaint is made of different parts of the argument to the jury made by appellee's counsel. To the parts of the argument complained of in three of the propositions, objection was made, the objection sustained, and the jury admonished not to consider same. We will dispose of all these, with one exception hereafter to be discussed, with the statement that, if the argument was improper, we think it certain that the timely objection and the direction of the court to the jury not to consider same was sufficient to render same harmless.

■ One part of the argument not objected to at the time was as follows: "Now, Mr. Eplen tried to confuse you gentlemen about this proposition of market value. He tried to lead you to believe that you have got to find the market value of that land on the basis of what it would have sold for in cash in December, 1932. Now, gentlemen, the testimony of the witnesses shows, even by their own witnesses, that that land wouldn't have sold for cash for there wasn't any sale for land in that community at all. In normal times that land, we alleged in our petition, was worth $75.00. Most of our witnesses show that it was worth more than that, but we only ask for $75.00. *Now you have got to find what that land was worth to Mrs. Olds.* (Italics ours.) If there wasn't any market value, then you can't find what it would have sold for because it wouldn't have sold for anything." According to our views as already expressed in this opinion, most of this argument was unobjectionable. The italicized sentence was objectionable if there was evidence that the land had a real or intrinsic value. There seem to be four grades of evidence which may be produced to prove value. They are set out in the following authorities: 13 Tex. Jur. 151, § 64; International & G. N. Ry. Co. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669; Missouri, K. & T. R. Co. v. Crews, 54 Tex. Civ. App. 548, 120 S. W. 1110. According to these authorities, as we interpret them in connection with all we have read upon the subject, the best evidence of value is market price or market value. The next best evidence is evidence of real or intrinsic value. The third best evidence is evidence of the cost of replacement, and the fourth best evidence is evidence of value to the person whose property has been destroyed or injured. In the instant case, the property had no market value, but it did have a real or intrinsic value. It was therefore presumptive error for counsel to argue to the jury that they should find the value of the land to Mrs. Olds. If, however, there was any evidence of its value to the owner apart from evidence of its real or intrinsic value, it was admitted without objection, and it certainly would not be re-

versible error for counsel to make the argument in question. If there was no such evidence, it seems to us so unlikely that the argument could have been prejudicial that in our opinion it likewise comes within the general rule requiring objection to be made in order to afford the court opportunity to correct same by proper admonition to the jury not to consider it.

Another part of the argument complained of was as follows: "Now, gentlemen, Mr. Eplen has stated he did not mention the fact that the tax payers would have to pay these damages, but he did mention it by virtue of stating that he did not mention it. Now, the truth of the matter is it won't cost me anything, or Judge Eplen anything, or any of the tax payers, because the county already had this money on hand, $100,000 laying up in the bank from a former bond issue, and the truth of the matter is if there is any left over it will probably be turned over to the highway department. It won't cost you or any other tax payer a mill or one tenth of a cent." In the argument of appellant's counsel he had said: "Gentlemen, I have argued this case on the evidence adduced from the witness stand and under the law as given you in charge by the court, and I have not mentioned the fact that the tax payers would have to pay the judgment either." Although the argument was objected to and the jury instructed not to consider same, we are inclined to the view that it comes within the exception to the general rule that the harmful effect of an improper argument is cured by an instruction of the court to the jury not to consider it. For a statement of that rule and exception see City of Pampa v. Todd (Tex. Com. App.) 59 S.W.(2d) 114, and authorities there cited. We are of the opinion, however, that under another applicable rule appellant must be held estopped to claim a reversal of the case because of said argument. The very language objected to shows that it was in reply to a statement of adverse counsel to the effect that he had not mentioned the fact that the taxpayers would have to pay the judgment. No more effective mention of that fact could be made than was thus done. No suggestion should have been made to the jury as to who would have to pay the judgment. The argument complained of was provoked by an improper argument of appellant's counsel. The rule deduced from a great number of decisions is stated in Michie's Digest with citations to the cases as follows: "If counsel for one party pursues a line of argument not called for

by the facts of the case and in itself improper and thereby invites a reply, the party so, through counsel, violating a proper course of procedure and the rules intended to secure the proper presentation of causes ought not to be heard to complain of the reply, and in such cases the appellate courts will not reverse a judgment on an assignment of error based on such facts." 1 Michie's Digest, p. 921.

We do not think we are in position to hold that the judgment is excessive.

Being of the opinion, therefore, that the judgment of the court should be affirmed, it is accordingly so ordered.