**PIONEER BUILDING & LOAN ASS'N v. COMPTON.**

**No. 2162.**

Court of Civil Appeals of Texas. Waco.

March 14, 1940.

Rehearing Denied April 11, 1940.

Street & Street and Nat Harris, all of Waco, for appellant.

Fitzpatrick & Dunnam, of Waco, for appellee.

ALEXANDER, Justice.

In 1929, W. C. Compton borrowed from the Pioneer Building & Loan Association the sum of $7,500, to be repaid in monthly installments, and secured the payment of same by deed of trust on a residence and a business house in the city of Waco. Compton failed to meet his payments and in February, 1932, he assigned to the Loan Company all rents to become due on the property and authorized the Loan Company to collect and apply such rents on the indebtedness. In March of the same year he executed a chattel mortgage to the Loan Company on certain household and business fixtures located in the buildings in question to secure the payment of a note in the sum of $1,100, executed by him to cover the installments that were then past due. In 1933, being further in default, Compton executed a bill of sale to the personal property in question to the Loan Company. Compton filed this suit against the Loan Company in trespass to try title to recover the property, and, in the alternative, it was alleged that at the time of the execution of the bill of sale the Loan Company had agreed to credit the value of said personal property on his indebtedness, and further that the Loan Company had impliedly agreed to exercise reasonable diligence in keeping the real property rented; and that it had negligently failed to do so. Compton sought to have the value of the personal property, together with the rental value of the property, and certain other payments made by him, applied to the extinguishment of said indebtedness, and for cancellation of the deed of trust lien. Upon the trial of the case, the jury found that at the time of the execution of the bill of sale, it was understood that the Loan Company would apply the value of the personal property to the debt, and that it was of the value of $3,475. The jury also found that the rental value of the property from March, 1933, to the date of the trial was $100 per month, and that the defendant had failed to exercise reasonable diligence to keep the property rented. The trial court credited the debt with certain payments claimed to have been made by Compton, together with the rental value of the property, and the value of the personal property, and, after allowing credit for certain repairs and taxes, found that the Loan Company was indebted to Compton in the sum of $2,048. Accordingly, the deed of trust lien was canceled and judgment was rendered in favor of Compton against the Loan Company for $2,048. The Loan Company has appealed.

Compton claimed that at the time of the execution of the bill of sale it was understood and agreed that the Loan Company would credit the debt with the value of said personal property. On the other hand, the Loan Company contended that the personal property was assigned to it merely for convenience, with the understanding that the Loan Company, if it saw proper, could sell the property and apply the proceeds of the sale on the debt. It is not clear whether the plaintiff intended to allege that the Loan Company was to credit the debt with the value of the property as set out in the petition, or merely the actual or market value of the property. At one place, it was alleged that the debt was to be credited with the value of the property, and at another the value of the property as set out in the petition. If it was the purpose of the petition to allege an agreement on the part of the defendant to credit the debt with the specific values as set out in the petition, then the findings of the jury are insufficient to support the judgment, because there was no finding of an agreement that the debt would be credited with the specific values as set out in the petition. However, since the case must be reversed on account of other errors, we do not deem a decision of this question necessary at this time. The question will doubtless be clarified on another trial.

A part of the personal property consisted of household and kitchen furniture. There was no proof that this property did not have a market value or a real value, nor that it could not be reproduced or replaced, but the court, over the defendant's objection, permitted Compton to testify as to the value of the property to him and then submitted an issue to the jury as to what was "the actual value to the plaintiff, W. C. Compton, of the household and kitchen furniture." The jury found the sum of $2,000 in answer to the above issue, and the Loan Company's debt was credited with this amount. In tort cases it is sometimes held that a party whose personal property has been negligently destroyed or

wrongfully taken from him may testify as to the value of the property to him. However, this is allowed only when the proof shows that the property does not have a market or real value and cannot be replaced or reproduced. The Commission of Appeals, in speaking through Judge Sharp, in International-Great Northern R. Co. v. Casey, 46 S.W.2d 669 [1–6] said: "The rule is settled that, where property is destroyed or injured, which has a market value, this must be shown by the owner as the measure of damages; where it has neither a market value nor a real value, but it is shown what it would cost to replace or reproduce the article, then such cost is the measure of recovery. Where it has neither a market value nor a real value, and it cannot be reproduced or replaced, then in that event it would be proper to show what it was worth to the owner."

See, also, Missouri, Kansas & Texas R. R. Co. v. Crews, 54 Tex.Civ.App. 548, 120 S.W. 1110; Allis-Chalmers Mfg. Co. v. Board, Tex.Civ.App., 118 S.W.2d 996, par. 7; 13 Tex.Jur. 150, 156; 19 Tex.Jur. 188–200; Chicago Fire & Marine Ins. Co. v. Harkness, Tex.Civ.App., 58 S.W.2d 171, 173; Taylor County v. Olds, Tex.Civ.App., 67 S.W.2d 1102. Such testimony by a party as to the value of the lost property to him is at best a mere guess by a nonexpert interested witness. The rule permitting such testimony grows out of the necessities of the case and should be resorted to only when other proof is not available. For the same reason, the court should not submit to the jury an issue as to the value of the property to the owner unless it has been established that it has no market or real value and cannot be reproduced or replaced. For the reasons above stated, the trial court erred in permitting Compton to give his opinion as to the value of the property to him and in submitting the issue in the form above set out.

■ Compton alleged that at the time he assigned to the Loan Company the right to collect the rents from the building, it was agreed that the company would credit the debt with the reasonable rental value of the property. There was, however, no finding by the jury as to any kind of an agreement, either express or implied, in this respect, yet the court held the Loan Company liable for the reasonable rental value of the property during the time the Loan Company had possession thereof. In the absence of such finding, the verdict was insufficient to support the judgment. The evidence was possibly sufficient to raise the issue of an implied agreement to exercise reasonable diligence in renting the property and to support the finding that the Loan Company negligently failed to perform its obligation in this respect. If recovery should be allowed on this theory, the measure of damages would be the amount of rent that could have been collected from the property by the exercise of reasonable diligence during the period in question. This would not necessarily be the rental value of the property, for it often occurs that property is rented for its value, but the tenant fails to pay his rent. The Loan Company had charge of the property during the depression, and it is a well known fact that many tenants failed to pay their rent during that period. In fact, at the time plaintiff assigned the rents to the Loan Company, some of the tenants to whom he had rented the property were eight months in arrears in the payment of their rents. In this same connection, it should be noted that the business house consisted of four units, one of which was a café. The testimony variously estimated the rental value of the café from $40 to $60 per month and up. Compton admitted, however, that he authorized the Loan Company to lease the café for a period of one year for $25 per month. If he thus agreed to the renting of this unit at less than its rental value, the Loan Company would not be required to account for the full rental value of the premises. Pioneer Building & Loan Association v. Cowan, Tex.Civ.App., 123 S.W.2d 726. No account of this agreed reduction in rent was taken into consideration by the court in fixing the Loan Company's liability for its negligent failure to properly rent the premises.

■ A witness was permitted to testify that in October, 1932, she paid to the Loan Company for Compton the sum of $700 on the indebtedness in question, and that a representative of the Loan Company then stated to her that such payment put the loan in good shape, and from this she concluded that all past-due payments had been made. The court submitted to the jury an issue as to whether such payment covered all sums then past due on the loan, to which the jury answered "yes." Based on such

finding, the court declined to allow the Loan Company to recover for any installments that were past due and unpaid on that date. The Loan Company had reconvened and was seeking judgment for its debt. It set out the original contract and all payments that had been made thereon. This showed a considerable portion of the indebtedness past due and unpaid at the time the payment in question was made. Compton had not plead any payments on the indebtedness as he was required to do under Article 2014. See, also, 32 Tex.Jur. 696. Upon another trial, if Compton should desire to prove any payments other than those conceded by the Loan Company, he should specifically plead such payments and the court should submit in a more specific way whether or not the plaintiff had made the payments so claimed by him and from the findings of the jury thereon calculate whether or not the loan was paid up in full to the date in question.

Several witnesses were permitted to give their expert opinion as to the market value of the personal property without first showing sufficient experience to qualify them as experts in that line. This should be avoided upon another trial.

Compton alleged in general terms that the loan contract was usurious and void, but did not allege sufficient facts to show that the contract was usurious. Upon the trial, plaintiff was permitted to testify that he had expended large sums of money in improving the property in question. He also testified that at the time he assigned the personal property to the Loan Company he was compelled to leave the state in order to take care of a brother who was a World War veteran. These matters have no connection with the issues to be tried by the jury. They only serve to prejudice the minds of the jury. Upon another trial, this should be avoided.

The other errors complained of will not likely arise in the same manner upon another trial, and for that reason need not be discussed at this time.

On account of the errors above pointed out, the judgment of the trial court will be reversed and the cause remanded for a new trial.

TIREY, J., took no part in the consideration and disposition of this case. .